**UNITED STATES v. MacDONALD et al.**

No. 12824.

District Court, W. D. Missouri, W. D.

March 28, 1935.

Maurice M. Milligan, U. S. Atty., of Kansas City, Mo.

John W. Hudson and C. H. Kohler, both of Kansas City, Mo., for defendants.

OTIS, District Judge.

Defendants have submitted a demurrer to each count of the indictment.

The first count of the indictment charges that the defendants conspired to defraud the United States, in that they agreed together to cheat the United States by selling to it pigs as the property of producers thereof when in fact they were property of one of the defendants who was not a producer.

The indictment refers to the Agricultural Adjustment Act (7 USCA § 601 et seq.), to regulations purporting to have been made by the Secretary of Agriculture thereunder, and to the government's program for purchasing pigs from farmers producing them. The whole theory of the demurrer is that the program, the regulations, and even a part of the act are invalid.

My view is that if all that counsel for defendants contend is true it does not follow that this indictment is bad.

Let it be assumed arguendo that in the Agricultural Adjustment Act there was an unconstitutional delegation of legislative power. Let it be assumed arguendo that the regulations made by the Secretary of Agriculture and referred to in the indictment were not authorized. Still the government did devise a pig buying program. Certainly any who conspired together to sell pigs to the government under that program, falsely representing that they were entitled to the benefit of its provisions and so to obtain money from the public treasury, have committed a crime. Because money should not be paid out of the treasury to some favored class it does not follow that others who falsely represent that they are of that class, and so enrich themselves at public expense, should go unpunished. When Jacob disguises himself as Esau to cheat both Esau and Isaac it is no defense to assert

that perhaps Esau ought not to have inherited from Isaac.

The demurrer to the second count is on the same ground as that to the first, and should be ruled in the same way.

### Order.

The demurrer to the first and second counts of the indictment, having been duly considered by the court and the court being fully advised in the premises, is overruled. Defendants are allowed exceptions.