UNITED STATES *v.* KAPP ET AL.

No. 97. Argued November 12, 1937.—Decided December 6, 1937.

*Assistant Attorney General McMahon,* with whom *Solicitor General Reed* and *Messrs. W. W. Barron* and *William C. Lewis* were on the brief, for the United States.

*Mr. William J. Hughes, Jr.,* with whom *Mr. William E. Leahy* was on the brief, for appellees.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

This case comes here under the Criminal Appeals Act. 18 U. S. C. 682.

The second count of an indictment charged appellees with conspiracy to defraud the United States by furnishing false information and making false statements to the Secretary of Agriculture in order to secure benefit payments under the Agricultural Adjustment Act of May 12, 1933, c. 25, 48 Stat. 31; Criminal Code, §§ 35, 37; 18 U. S. C., §§ 80, 88. The District Court sustained a demurrer to this count and the Government appeals.

The contention of the Government is that the appellees conspired to cheat the United States by selling hogs to the Government at premium prices through misrepresentation as to the identity of the producers of the hogs sold and the continued ownership by such producers. Appellees' demurrer went upon the ground, among others, that the provisions of the statute and the regulations of the Secretary of Agriculture to which the count referred are void (*United States* v. *Butler,* 297 U. S. 1) and that the acts set forth in the indictment do not constitute an offense against the laws of the United States.

The false claims statute under which the prosecution was brought penalizes one who "for the purpose and with the intent of cheating and swindling or defrauding

the Government of the United States . . . shall knowingly and willfully falsify or conceal or cover up by any trick, scheme, or device a material fact, or make or cause to be made any false or fraudulent statements or representations" (Criminal Code, § 35; 35 Stat. 1095, as amended, 40 Stat. 1015). After referring to the statute, the District Judge said in his opinion:

"The overt acts charged, which would be material in this count, are that hogs were shipped under the representation by the defendants that they were the hogs of various producers when in fact the hogs belonged to one or more of the defendants.

"There is no contention that the hogs were not shipped and that the bills, which were made to Armour and Company and other processors, were not correct bills, with the exception that the hogs did not originate from the sources represented by the defendants.

"This ceases to be a material fact, if the provisions of the Agricultural Adjustment Act are void. In other words, the representations, which are alleged to have been made, cease to be misrepresentations of material facts when the act itself falls."

1. Appellees contend that if any statute was construed, it was not the statute on which the indictment is founded and hence that this Court has no jurisdiction. The point is that the indictment charged a conspiracy under Criminal Code, § 37. But the conspiracy charged is one to violate the false claims statute, Criminal Code, § 35. In similar cases the jurisdiction of this Court has been sustained. The statute, at the violation of which the conspiracy is aimed, has been treated as the statute upon which the indictment is founded within the meaning of the Criminal Appeals Act. *United States* v. *Bowman,* 260 U. S. 94, 95; *United States* v. *Walter,* 263 U. S. 15, 16, 17. See, also, *United States* v. *Keitel,* 211 U. S. 370, **387.**

2. Appellees contend that the court below construed the indictment and not the statute. *United States* v. *Colgate & Co.*, 250 U. S. 300, 306; *United States* v. *Hastings*, 296 U. S. 188, 192. The argument is that a conspiracy to violate § 35 must involve a pecuniary fraud. *United States* v. *Cohn*, 270 U. S. 339, 345, 346. In that view appellees urge that the court below has simply ruled that there was no pecuniary loss under the facts alleged. But the District Court found no flaw in the indictment as a pleading. Nor does the court appear to have considered the question of pecuniary loss. The court rested its decision upon the point that the facts alleged in the indictment with respect to the identity of the producers of the hogs, or the sources from which the hogs originated, had ceased to be material because of the unconstitutionality of the provisions of the Agricultural Adjustment Act. This did not purport to be a construction of the indictment but a ruling that the indictment in view of the invalidity of that Act failed to state an offense. The substance of the decision thus appears to be that the false claims statute does not apply to an attempt to defraud the United States by obtaining the approval of claims and benefit payments through false representations, if the statute providing for such claims and payments is found to be invalid. That is clearly a construction of the statute. *United States* v. *Patten*, 226 U. S. 525, 535; *United States* v. *Birdsall*, 233 U. S. 223, 230.

3. Such a construction is inadmissible. It might as well be said that one could embezzle moneys in the United States Treasury with impunity if it turns out that they were collected in the course of invalid transactions. See *Madden* v. *United States*, 80 F. (2d) 672, 674. Appellees were not indicted for a conspiracy to violate the Agricultural Adjustment Act but for a conspiracy to violate the statute protecting the United States against

frauds. It is cheating the Government at which the statute aims and Congress was entitled to protect the Government against those who would swindle it regardless of questions of constitutional authority as to the operations that the Government is conducting. Such questions cannot be raised by those who make false claims against the Government. See *Langer* v. *United States,* 76 F. (2d) 817, 824, 825; *Madden* v. *United States, supra; United States* v. *Harding,* 65 App. D. C. 161; 81 F. (2d) 563, 568; *United States* v. *MacDonald,* 10 F. Supp. 948.

The judgment is reversed and the cause is remanded for further proceedings in conformity with this opinion.

*Reversed.*