## UNITED STATES v. BARRA.
### No. 312.

Circuit Court of Appeals, Second Circuit.
April 27, 1945.

George W. Herz, of Ridgewood, N. Y., for defendant-appellant.

Robert M. Hitchcock, Sp. Asst. to Atty. Gen. (T. Vincent Quinn, U. S. Atty., of Brooklyn, N. Y., on the brief), for plaintiff-appellee.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

This is another of the five appeals from convictions for violations of 18 U.S.C.A. § 80 now before us, each of which rests upon failure to disclose membership in the Nazi Party in an application for a "certificate of identification" as an alien enemy made in February of 1942. The facts of the violation herein are of the same nature as those disclosed in United States v. Heine, 2 Cir., 149 F.2d 485, decided herewith, and need not be restated in detail. As proof of defendant Barra's membership in the Party, his name was shown to be on the list "of those who have applied for Passports," identified by Illian —an employee at Nazi Party Headquarters in New York—as the Party's membership list. The United States also produced his membership book, dues receipts, rules of conduct to be observed by a National Socialist abroad, and letters from the Nazi Party Directorate of the Foreign Organization in Berlin acknowledging letters from him and explaining why his early membership number could not be restored and enclosing his U. S. A. membership card— all of which were originally hidden back of the sink in the kitchen of his home. And defendant's counsel conceded membership in the Nazi Party. Evidence of violation of the statute was therefore persuasive.

But defendant also urges the inapplicability of the statute, though he gives a somewhat different turn to the argument than did Heine. Since we have already held the statute applicable, we shall dispose of the argument shortly, for it is fundamentally, controlled by our decision as to Heine. Defendant says that since 50 U.S.C.A. § 21, authorizing the President to restrain alien enemies, provides no penalty for failure or refusal of an alien enemy to register, neither the President nor the Attorney General can make a crime out of a step in the application they required. But defendant is here accused not of violating the Presidential Proclamation or regulations thereunder, but of making a false certificate to a department of the United States; and, as we held expressly in United States v. Meyer, 2 Cir., 140 F.2d 652, 655, once it appears that the department "has colorable authority to do what it is doing," an accused under this statute cannot justify his falsehood by a collateral attack upon the authority. This follows from the decisions in United States v. Kapp, 302 U.S. 214, 58 S.Ct. 182, 82 L.Ed. 205; Kay v. United States, 303 U.S. 1, 58 S.Ct. 468, 82 L.Ed. 607; Carter v. Texas, 305 U.S. 557, 59 S.Ct. 71, 83 L.Ed. 351. Such authority is clearly present here. 50 U.S.C.A. § 21 not only gives the President power to restrain alien enemies in this country, but confers upon him the further authority "to establish any other regulations which are found necessary in the premises and for the public safety." The Presidential Proclamation, Jan. 14, 1942, 3 CFR, Cum.Supp., Proc. 2537, and the regulations which it authorized the Attorney General to make for the acquiring of certificates of identification, 28 CFR, Cum.Supp., 30.51-30.63, are more than sufficient to make 18 U.S.C.A. § 80 applicable in the circumstances.

Defendant further claims that reversible error was committed by the trial court in refusing to ask the prospective jurors a series of questions requested by defendant during their voir dire examination—all designed to discover whether defendant's membership in the Nazi Party, if shown, would prejudice them in any way. The judge's refusal was prior to defendant's concession of membership in the Nazi Party. At the time proof of such membership was at the very least an important issue on the defendant's guilt. As a matter of fact, it was quite likely to be practically decisive, since the only other material fact in dispute, that of knowledge and intent, might well be inferred from the other circumstances except and unless defendant had some unexpected explanation to offer sufficient to make it a substantial issue. Cf. United States v. Illinois Cent. R. Co., 303 U.S. 239, 242, 243, 58 S.Ct. 533, 82 L. Ed. 773; United States v. Goldsmith, 2 Cir., 137 F.2d 393, certiorari denied Goldsmith v. United States, 320 U.S. 781, 64 S. Ct. 190, 88 L.Ed. 469. To expect jurors to deny that they will be influenced by facts which, if unexplained, should certainly influence them is to look for jurors either dishonest or hopelessly confused, so much

so as conceivably to destroy the Government's case at its inception. This case therefore differs markedly from Aldridge v. United States, 283 U.S. 308, 311, 51 S.Ct. 470, 472, 75 L.Ed. 1054, 73 A.L.R. 1203, relied on by defendant, for there the fact that the defendant was a negro bore no relation to the offense with which he was charged. Moreover, in the Aldridge case "the court failed to ask any question which could be deemed to cover the subject." But here the court below, while declining to look for prejudice in the jurors' attitude towards the very questions they would be called upon to decide, did ask them specifically and pointedly whether they knew of any reason why they could not "fairly and impartially act as jurors in this case, reaching a verdict solely in accordance with the evidence." And in its charge the court reminded them that "defendant is not charged with having violated the law because he was a member of the Nazi Party." In thus handling the matter of possible prejudice, the trial court acted properly within its broad discretion. United States v. Daily, 7 Cir., 139 F.2d 7; Assaid v. United States, 4 Cir., 10 F.2d 752; Wong Din v. United States, 9 Cir., 135 F. 702; Richards v. United States, 8 Cir., 175 F. 911, certiorari denied 218 U.S. 670, 31 S.Ct. 221, 54 L.Ed. 1203.

Other grounds of appeal require little comment. The court committed no error in refusing to charge that defendant should receive the same unbiased consideration from the jury as any citizen of the United States. For the charge as a whole made clear the jury's duty and emphasized the heavy burden of proof resting upon the prosecution. This was the true test, and the court properly refused to confuse it or perhaps impliedly to add to it by thus stressing unduly another element in the case, particularly one (enemy alienage) which was a necessary fact to sustain a conviction. The court also properly denied defendant's request to charge that a "reasonable explanation," in the absence of the Government's complete disproof of it, should be enough to excuse him, since mere explanation is certainly only a factor to be considered, not an absolute defense. United States v. Rosenberg, 2 Cir., 145 F. 2d 653. All the exhibits and all of Illian's testimony were competent to prove the existence of the Party in the United States. United States v. Heine, supra, and cases there cited.

Affirmed.