## REIMER'S ESTATE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10995.

United States Court of Appeals
Sixth Circuit.

Feb. 17, 1950.

Donald E. Richard, Cuyahoga Falls, Ohio, for petitioner.

Carlton Fox, Washington, D. C., Theron Lamar Caudle, Ellis N. Slack, and Hilbert P. Zarky, Washington, D. C., on the brief, for respondent.

Before ALLEN, MARTIN and MILLER, Circuit Judges.

PER CURIAM.

The Tax Court of the United States upheld the determination by the Commissioner of Internal Revenue of a deficiency in the income tax of Charles Louis Reimer for the years 1941, 1942, 1943 and 1944, with the addition of a fifty percent fraud penalty, amounting to $47,266.75 for the taxable years, assessed pursuant to the provisions of section 293(b) of the Internal Revenue Code, 26 U.S.C.A. § 293(b). The wife of Reimer, as executrix of his estate, has petitioned this court for review. The petitioner, by stipulation, admits that her husband, with intent to evade payment of his correct income tax, knowingly filed false and fraudulent income tax returns for the four years involved.

But the executrix contends that there is no authority for the assessment of a fifty percent fraud penalty against his estate after the death of her husband. Admittedly, Reimer died on February 23, 1947, and the jeopardy assessment made against his estate, including the fifty percent addition for fraud, was not made until November 5th of the same year. Petitioner's insistence is that liability for payment of the fifty percent addition to the tax, imposed by section 293(b), abates upon the death of the taxpayer.

As pointed out by Judge Arundell in his clear-cut, scholarly opinion for the tax court, 12 T.C. 913, which was reviewed by that court, no federal statute exists covering the survival of a cause of action provided for by section 293(b) against a taxpayer's estate where proceedings have not been instituted prior to his death. Moreover, the opinion demonstrates that, as late as 1935, the Commissioner of Internal Revenue took the position that fraud penalties did not survive the death of a taxpayer and were not collectible from his estate, but in 1940 reversed his opinion in apparent reliance upon Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917. In that case, the Supreme Court held that the assessment of the addition of fifty percent of any deficiency due to fraud with intent to evade tax under section 293(b) of the Revenue Act of 1928 was not barred by the acquittal of the taxpayer on an indictment charging wilful attempt to evade tax under section 146(b) of the same Act. Mr. Justice Brandeis asserted that Congress may impose both a criminal and a civil sanction in respect to the same act or omission, and that section 293(b) imposes no criminal sanctions, the remedial character of the sanctions being primarily safeguards for the protection of revenue and for reimbursement of the government for

160

the heavy expenses of investigation and the loss resulting from a taxpayer's fraud.

The tax court concluded that, inasmuch as the decedent with intent to evade tax had fraudulently understated his correct net income for each of the years in controversy, the determination of the Commissioner as set out in the deficiency notice must be sustained in entirety. It was held further that the petitioner is not entitled to the benefit of the forgiveness features of section 6 of the Current Tax Payment Act of 1943, 26 U.S.C.A. § 1622 note. See Max Cohen v. Commissioner, 9 T.C. 1156, 1167.

In Kirk v. Commissioner of Internal Revenue, 1950, 179 F.2d 619, the Court of Appeals for the First Circuit expressed agreement with the interpretation placed on the decision in the Mitchell case by the tax court in this case, 12 T.C. 913, and held in favor of the Commissioner on the identical question now presented to us.

The decision of the tax court is affirmed.