UNITED STATES of America, Plaintiff,

v.

The J. R. WATKINS COMPANY, a Maryland corporation, and H. F. Williams, Defendants.

Cr. No. 7630.

United States District Court
D. Minnesota, Third Division.

Aug. 27, 1954.

C. Stanley McMahon, Winona, Minn., and Linus J. Hammond, St. Paul, Minn. (Norman J. Morrisson, Washington, D. C., of counsel), for defendants.

George E. MacKinnon, U. S. Atty., St. Paul, Minn., for the United States.

NORDBYE, Chief Judge.

This case comes before the Court on the motion of defendants to dismiss the indictment against them.

The indictment alleges that the individual defendant is the President of the defendant corporation and that the latter manufactures liniment and holds a "basic permit" from the Commissioner

of Internal Revenue entitling it to use specially denatured alcohol in the manufacture of that product. It alleges further that the corporation is required to return to the Alcohol Tax Unit of the Bureau of Internal Revenue a monthly report of the amount of denatured alcohol on hand, received, used and recovered during the month. It charges that in returning on or about October 15, 1950, an "Amended Report" of such facts on the form required by regulations promulgated by the Secretary of the Treasury, defendants knowingly and falsely represented that

> "* * * from July 1, 1949, to May 31, 1950, 14,472 wine gallons of specially denatured alcohol of Formula 38B had been used by the defendant corporation in the manufacture of liniment (External Pharmaceuticals, not U. S. P. or N. F.) for external use only, whereas in truth * * * substantial quantities of the specially denatured alcohol so reported had been used in the manufacture of liniment, with the intent and knowledge on the part of the defendants that said liniment would be and had been sold and used for internal human purposes."

Defendants move the Court to dismiss the indictment upon the grounds that (1) the indictment is barred by the statute of limitations, 18 U.S.C.A. § 3282, and (2) the indictment does not state an offense against the United States because (a) it does not charge that the liniment was not an external pharmaceutical, (b) the amended report does not constitute a "representation" as to the use of the manufactured product, (c) the indictment does not charge that the alleged false statement was a material one and (d) the subject matter is not within the jurisdiction of the Alcohol Tax Unit of the Bureau of Internal Revenue.

There is considerable uncertainty surrounding the question of the extent to which defenses to a criminal prosecution may be raised upon motion before trial. Rule 12(b) (1) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., allows "Any defense or objection which is capable of determination without the trial of the general issue" to be raised before trial by motion. And Rule 47 provides that motions may be supported by affidavit. Yet the Government protests in the case at bar that the Court can hear on this motion neither the defense based upon the statute of limitations nor the contention that the indictment does not allege an offense, because both contradict the allegations of the indictment. As to the first defense, the Government relies principally upon United States v. Parrino, 2 Cir., 1953, 203 F.2d 284, 285. Language in that opinion seems to say that since the defense of the statute of limitations could not have been raised by demurrer under the pre-rules practice, that defense cannot be raised presently upon motion to dismiss, even where it appears upon the face of the indictment that it was not returned within the period prescribed. That language, however, must be read in context. The defendant in that case had pleaded guilty to the charge of conspiracy to kidnap, but after judgment was entered on his plea, moved the court *to vacate judgment* upon grounds which the Appellate Court described as "difficult to spell out". After holding that there was no "manifest injustice" which would justify a withdrawal of the guilty plea under Rule 32(d), the court held further that there was no reason to disturb on such a motion a judgment based upon a valid indictment and a plea which admitted that part of the conspiracy was to harm the victim (a plan which if carried out would have destroyed the bar of the statute of limitations). The conclusion of the court, therefore, was that "*if the plea stands,* the defence of the Statute of Limitations is out of the case * * *." (Emphasis added.) Thus the views expressed in the Parrino case must be considered in light of the facts of that case. In the case at bar, the pending motion is one to dismiss

the indictment before trial, not to vacate judgment entered after a plea which admitted facts sufficient to dispel the only defense to the prosecution which the Appellate Court could perceive.

The dicta in the Parrino case to the effect that since the statute of limitations could not be raised by demurrer before the rules, it cannot presently be raised by motion to dismiss, was based upon that court's reading of Rule 12(a). The court stated at page 287 of 203 F. 2d,

> " * * * Rule 12(a) abolished all defensive pleadings except 'not guilty,' and provided that 'defenses * * * which heretofore could have been raised' by demurrer 'shall be raised only by motion to dismiss.' From that it follows that, since the question decided in United States v. Cook, supra [17 Wall. 168, 21 L.Ed. 538], could not be raised by demurrer under the old practice, it may not now be raised by motion to dismiss * * *."

Rule 12(a), however, does not speak only of defenses which could formerly have been raised by *demurrer*. In abolishing not only the demurrer but also the motion to quash and all pleas other than not guilty, guilty and *nolo contendere,* the rule provides that "defenses and objections raised before trial which heretofore could have been raised *by one or more of them* shall be raised only by motion to dismiss * * *." (Emphasis added.) United States v. Cook, 1872, 17 Wall. 168, 84 U.S. 168, 21 L.Ed. 538, cited in the Parrino opinion for the proposition that the statute of limitations could not be raised by demurrer, recognized that the defense could be raised by special plea. See id. 17 Wall. at page 179. This was quite generally conceded to be the rule in cases arising under the pre-rules practice, see, e. g., Forthoffer v. Swope, 9 Cir., 1939, 103 F.2d 707; United States v. J. L. Hopkins & Co., D.C.S.D.N.Y.1912, 228 F. 173, although an exception to the rule was recognized

where the indictment charged a continuing conspiracy expressly alleged to have continued until trial—in such cases it being held that the statute could only be put in issue by a plea of the general issue. United States v. Barber, 1911, 219 U.S. 72, 31 S.Ct. 209, 55 L.Ed. 99; United States v. Kissel, 1910, 218 U.S. 601, 31 S.Ct. 124, 54 L.Ed. 1168; cf. United States v. Metropolitan Leather & Findings Ass'n, Inc., D.C.S.D.N.Y.1949, 82 F. Supp. 449. Therefore, even if Rule 12 (a) limited the motions which may be raised before trial to those that were formerly put in issue under the forms of pleading abolished, the statute of limitations could be raised before trial.

However, this Court does not agree that that is the effect of Rule 12(a). Because a defense which could have been raised on demurrer (or special plea, or motion to quash) can now be raised on motion to dismiss, it does *not* follow—the Parrino case to the contrary notwithstanding—that the only defenses which can be raised on the motion to dismiss are those which previously were available under the abolished pleadings. It may be recognized in passing that Rule 12(a) seems to command only that all defenses which *are* raised before trial shall be raised by the mechanics of the motion to dismiss. In any event, the function of limiting the scope of defenses which may be raised before trial is performed not by Rule 12(a) but by Rule 12(b) (1), referred to previously.

■■ It seems apparent that in the case at bar the defense based upon the statute of limitations is capable of determination without the trial of the general issue and therefore should, under Rule 12(b) (1), be triable upon this motion. Further, it seems to have been the intention of the committee which drafted the rules that the statute of limitations could be raised at the option of the accused either before or at the trial of the general issue. See 18 U.S.C.A. Rule 12, Notes to Subdivision (b) (1) and (2). And see Official Form No. 19, Ap-

pendix of Forms, 18 U.S.C.A., which includes as part of the motion to dismiss the indictment the allegation that it was not found within three years next after the alleged offense was committed. The same has been the understanding of commentators on the rule, although none cite cases for their conclusion. See 11 Cyclopedia of Federal Procedure § 42.170 (Smith, ed., 1952); McInerny, Proceedings Between Indictment and Trial, 5 F.R.D. 156, 159.

■■ Although consideration of the bar of the statute in the instant case requires an examination of various reports made by the defendant to the Alcohol Tax Unit, among them the allegedly false report upon which this indictment is based, the Court concludes that such an examination is proper. Rule 47 allows facts such as authority to take a deposition or former jeopardy to be established by affidavit, see Note to Rule 47, 18 U.S.C.A., and Rule 12(b) (4) provides that issues of fact not required to be tried by a jury may be tried in any manner the court may direct. It would be injudicious to ignore the information obtainable from the face of the reports in issue when determining whether the one upon which the indictment was based was or was not barred by lapse of time. Such an examination would not seek to contradict the well-pleaded material allegations of the complaint, for defendants do not dispute that the report relied upon by the Government was returned on or about October 15, 1950, but seek to explain why the said report cannot be the basis for this prosecution. The Government's contention that the trial of this issue requires evidence which could not, or should not, be presented at a preliminary hearing is somewhat abstruse. If the Government has any evidence contradictory of that presented in the four corners of the reports in question, it would merely have to produce affidavits from a qualified witness to that effect.[1] This Court would be required to defer decision on the motion if any genuine issue of material fact were presented. The Government's right to cross-examine, however, does not in itself raise such an issue, and in the absence thereof, the sufficiency of the defense on the statute of limitations may be decided upon the arguments and exhibits presented.

■ Upon examination of the merits of defendants' position, however, it must be concluded that the defense of the statute must fail. The amended report which is the basis for the indictment was admittedly returned within the three-year period. The defense of the statute of limitations could be successful, only if the amended report were incapable of supporting the indictment. Defendants' argument seems to be that since the only purpose of the amended report was to correct the total gallons of denatured alcohol used over a period of months, the offense actually occurred when this original erroneous report which required the correction was made, and that this report was made more than three years before the indictment was returned. However, the prosecution does not seem to be concerned with the original error or the changes made in the total gallons used. The alleged false representation with which the defendants are charged is the use in the report of the code number "210"—which the Government argues is a representation that the denatured alcohol was used for an external pharmaceutical only. An inspection of the amended report shows that it too used the figure "210" in reporting the number of gallons of alcohol used through the month of May. Whether or not this constitutes a representation that the prod-

---

1. The Government cites Ginsberg v. United States, 5 Cir., 1938, 96 F.2d 433, for the proposition that it need not answer the defendants' affidavits. The case holds that the failure of the prosecution to make a formal "answer" to defendant's motion to quash for improper joinder did not admit the allegations of the motion since an answer to a motion is not a required pleading.

uct manufactured was used for external medicinal purposes only is another matter. However, it is quite clear that the amended report did represent that 14,472 wine gallons of specially denatured alcohol had been used between July 1, 1949, and May 31, 1950, in the same way and for the same purposes that the original report represented that a smaller amount had been used. The Court concludes, therefore, that the contention that the indictment is barred by the statute of limitations is unsound.

The next defense to this prosecution stands on a somewhat different procedural footing. Defendants seek to dismiss the indictment as not stating an offense, arguing first that the indictment does not allege that the defendants' product was not an external pharmaceutical, and second that the use of the code number "210" on the allegedly false report is not a representation of the use of liniment. Defendants cannot seriously contend that the indictment's allegation that "in truth and in fact said defendants then and there well knew that substantial quantities of the specially denatured alcohol so reported had been used in the manufacture of liniment with the intent and knowledge on the part of defendants that said liniment would be and had been sold and used for internal purposes" does not allege that the liniment was not used as an external pharmaceutical. Their argument on this point—which is an analysis of the function and purpose of the report in issue—is more appropriately directed to their contention that the use of "210" is not a representation of the use of the manufactured product.

 It is the conclusion of the Court that it cannot properly render a decision on the merits of defendants' position that code number 210 cannot, as a matter of law, constitute a representation as alleged in the complaint. For it has long been elementary that on a motion to dismiss an indictment for failure to charge an offense, the allegations of the indictment must be taken as true.

See, e. g., United States v. Chrysler Corp. Parts Wholesalers, N. W. Region, 9 Cir., 1950, 180 F.2d 557; United States v. Universal Milk Bottle Service, Inc., D.C. S.D.Ohio 1949, 85 F.Supp. 622; cf. United States v. Chandler, D.C.Mass. 1947, 72 F.Supp. 230, affirmed, 1 Cir., 171 F.2d 921, certiorari denied 336 U.S. 947, 69 S.Ct. 809, 93 L.Ed. 1103; 4 Barron, Federal Practice and Procedure 107 (Rules ed. 1951). There is no doubt that defendants' motion is one which would at common law have been called a "speaking demurrer" and unless the Criminal Rules now authorize such a motion, it cannot be heard. Rule 47, of course, allows a motion to be supported by affidavits. But the Note of the Advisory Committee to that rule expressly indicates that it was not intended to authorize speaking motions. Although defendants correctly point out that one purpose of the Federal Criminal Rules was to avoid unnecessary trials, the drafters of the rules were not so concerned with expediting procedure as to include in the rules a provision for a motion similar to the Civil Rules' summary judgment. This Court was justified in examining the attached exhibits in the decision on defendants' plea of the statute of limitations only because that defense did not contradict the allegations of the indictment and did not involve the determination of the general issue.

 It seems apparent that the question raised by this phase of the motion—whether the numbers 210 are a representation as to the use of liniment —do go to the very foundation of this prosecution. The indictment alleges that the use of these numbers is a representation that denatured alcohol was used in a liniment for external use only and the Government asserts that it will produce evidence at trial to prove that allegation. Although it has offered not a single affidavit to raise a genuine issue as to the function of the code number used, it is not required to do so by the rules, and this Court must assume that it is able to

prove its case. Similar circumstances were presented to the court in United States v. J. L. Hopkins & Co., D.C.S.D. N.Y.1912, 228 F. 173. The defendant therein was charged with a violation of the Pure Food Law, Act June 30, 1906, 34 Stat. 768, in that the product he sold was below the standards in the United States Pharmacopeia. He "pleaded" that he had not violated the law because his product was not a "drug" within the definition of that term found in the Pharmacopeia, the product not being used for medicinal purposes. The court recognized that it might take cognizance of what the Pharmacopeia provided, but held that the plea was nothing more than a statement of the evidence to support the plea of not guilty and should be raised at trial by court or jury. Defendants in the case at bar press upon the Court the argument that the question to be decided is one of law and therefore can be decided on this motion upon the basis of the attached copies of official government forms. While the function of "210" on these forms may ultimately be determined by the Court and not by the jury, the Court is not prepared to say that it is or is not one to be decided as a matter of law until it hears the evidence which the parties will undoubtedly produce at trial.

■ The defendants next contend that the indictment fails to state that the alleged false statement in Form 1482 was a material one and that there is an absence of facts set forth in the indictment from which the materiality of the alleged false statement may be found. The indictment alleges, in Paragraph 3, that the defendant corporation's permit authorized it to use specially denatured alcohol in liniment for external use only, and in Paragraph 6, that defendants knowingly and falsely represented that such alcohol had been used only for external use whereas in fact it had been sold for internal human purposes. Although the word "material" does not appear in the indictment, it plainly appears that the alleged false statement was material in that the use actually being made of the manufactured product was not a use authorized by the defendant corporation's basic permit. It is unnecessary to decide on this motion what are the legal consequences of such an abuse, if in fact there was one. The present case does not involve that substantive question, but only the question whether defendants have knowingly made a material and false statement on a government report. And the specific question on this motion is only whether the indictment is sufficient to apprise the defendants of the crime with which they are charged.

It would serve no useful purpose to set out at length defendants' arguments on this issue. Suffice it to say that their conclusions, even if warranted by their analysis of the effect of several use reports submitted by the corporation, do not detract from the materiality of the representation relied upon. Their conclusions are, briefly, that "mere arithmetical totals in Column 5 [of the report in issue] are not material representations within the meaning of 18 U.S.C. § 1001 or of the perjury statutes" and that "the figure '14,472' is not a representation of anything except that the permittee has correctly added the amount of specially denatured alcohol used up to the end of the preceding month and the amount used in the month for which the report is made." However, if the allegation that use of the numerals "210" constitute a representation that the alcohol was not used in an internal pharmaceutical is accepted as true, then the fact remains that while the amended report in question stated *nothing which had not already been represented on previous reports*, it did, if it had any function at all, represent that between July 1, 1949, and May 31, 1950, 14,472 gallons of alcohol had been used in what the Government contends is an unauthorized manner.

■ Defendants' final contention is that the Alcohol Tax Unit has no juris-

diction over the use of liniment for internal medicinal purposes and that therefore the charge that defendant falsely represented that the alcohol was being used for external purposes only does not charge an offense under Section 1001. This contention is substantially the same as that rejected by this Court in the case of United States v. J. R. Watkins Co., D.C., 120 F.Supp. 154, and defendants have offered no persuasive reason for reconsidering that decision. The arguments, (1) that 26 U.S.C. § 3070(a), if still in effect, prohibits the Commissioner from authorizing any medicinal use—internal or external—of products made with specially denatured alcohol, and (2) that if § 3070(a) has been repealed by the Act of 1913, 38 Stat. 114, 199 and Title III of the National Prohibition Act, now 26 U.S.C. § 3100 et seq., the only proscription on the use of denatured alcohol products is against their use as intoxicating beverages, were presented to this Court in the first Watkins case. A reconsideration of those questions would be unwarranted.

▮ In any event, these arguments constitute, in the present case, an unauthorized collateral attack upon the authority of the Bureau of Internal Revenue. Therefore, the argument that if the Bureau had no authority to permit defendants to use the alcohol in an external medicine, he had no jurisdiction to require the report in issue is not well taken. In United States v. Kapp, 1937, 302 U.S. 214, 58 S.Ct. 182, 82 L.Ed. 205, the district court had held that the defendant's misrepresentation as to the identity of the producers of hogs ceased to be material if the provisions of the Agricultural Adjustment Act, 7 U.S.C.A. § 601 et seq., under which defendant fraudulently claimed benefits, were void. The Supreme Court reversed this holding, reasoning that the defendants were not indicted for conspiracy to violate the Agricultural Adjustment Act, but for conspiracy to violate the statute protecting the United States from frauds. Therefore, the invalidity of the former was no defense. In the present prosecution for the making of a false report, defendants cannot argue, therefore, that the Bureau of Internal Revenue had no authority to permit the manufacture of liniment which raised the necessity of making the report.

It might be contended that United States v. Kapp does not control the case at bar because that case was decided under the statute relating only to false claims as distinguished from false statements which did not expressly require, as the present § 1001 seems to, that the fraud be committed in a "matter within the jurisdiction" of the agency. However, the clause to that effect, which was added in 1934, was not intended as a limitation upon prosecutions under this Act, but was merely a chance inclusion in a bill designed to broaden the scope of falsifications which could be punished.[2] It does not authorize collateral attacks on the power of the agency in prosecutions under the False Statements Act. Subsequent to the 1934 Amendment, in United States v. Barra, 2 Cir., 1945, 149 F.2d 489, 490, it was observed that the

---

2. See Cong.Rec. 2858–2859, 73d Cong., 2d Sess. (1934). Senate Bill 2686 was designed to close what were thought to be loopholes in the then §§ 71, 72, 73, 80 and 81 of 18 U.S.C. which made false statements criminal only when they related to pensions and bounty land warrants. The bill in its original form applied only to "statements pertaining to any matter within the jurisdiction of the Secretary of the Interior, the Administrator of the Federal Emergency Administration of Public Works, or the Administrator of the Code of Fair Competition for the Petroleum Industry." It was amended on the floor of the Senate so as to read "any matter within the jurisdiction of any department or agency of the United States" in order to "cover all the departments and get all the buzzards." The reference to the jurisdiction of the various agencies, therefore, had nothing to do with authorizing collateral attacks on the authority of the agency in prosecutions for violations of the Act.

only inquiry as to the agency's jurisdiction which is open in such a prosecution is whether the agency had " 'colorable authority to do what it is doing' ". That colorable authority is undoubtedly present under 26 U.S.C. § 3070(a) and the long-standing administrative interpretations thereof.

It follows that the defendants' motion must be denied in its entirety. It is so ordered. An exception is reserved.