**UNITED STATES of America, Plaintiff,**

v.

**Meyer SCHNEIDER, Defendant.**

United States District Court
S. D. New York.
March 28, 1956.

Paul W. Williams, U. S. Atty., New York City, Eliot H. Lumbard, Asst. U. S. Atty., New York City, of counsel, for plaintiff.

Charles A. Hirsch, Brooklyn, N. Y., Louis M. Leibowitz, Brooklyn, N. Y., of counsel, for defendant.

BICKS, District Judge.

This is an action by the United States to recover the sum of $2000. pursuant to Section 26(b) of the Surplus Property Act of 1944.[1]

1. Section 26(b) of the Surplus Property Act of 1944, 50 U.S.C.A.Appendix, § 1635(b), repealed and reenacted as § 209(b) of the Federal Property and Administrative Services Act of 1949, 40 U.S.C.A. § 489(b) provided in pertinent part: "Every person who shall use or engage in or cause to be used or engaged in any fraudulent trick, scheme, or device, for the purpose of securing or obtaining, or aiding to secure or obtain, for any person any payment, property, or other benefits from the United States or any Government agency in connection with the disposition of property under this Act; or who enters into an agreement, combination, or conspiracy to do any of the foregoing—

The facts which give rise to the suit appear to be as follows: Some time prior to November 22, 1948, defendant entered into an agreement to purchase certain surplus scrap wool and cotton material stored at the United States Air Force Base in Great Falls, Montana. In the course of arranging for removal of the purchased materials defendant sought to enlist the aid of the Air Force Base Salvage Officer in furtherance of a fraudulent scheme to obtain valuable property stored in the warehouse in addition to the material he had purchased. The Base Salvage Officer reported this conversation to a representative of the Federal Bureau of Investigation and was instructed not to encourage the defendant but to accede to any proposal made by him. The defendant proceeded with his furtive plan, loaded the anticipated loot into a railroad freight car and handed $1,500 in cash as a bribe to the Air Force Officer who promptly turned the money over to agents of the F. B. I. Indictment and prosecution of the defendant for violating Title 18 U.S.C.A. § 201 [2] followed. The jury found the defendant guilty. On appeal, the conviction was reversed on the ground that the jury was erroneously instructed on the subject of "intent". Schneider v. United States, 9 Cir., 1951, 192 F.2d 498. Defendant thereafter entered a plea of guilty.

Sub judice are cross motions for summary judgment. There does not seem to be a genuine issue as to any material fact. To be true, the defendant does not expressly concede the facts set forth in the Government's moving papers, but neither does he controvert them. Instead he urges (a) Title 28 U.S.C.A. § 2462,[3] the applicable statute of limitations to a suit to recover a civil fine or penalty, as a complete bar, and (b) that the doctrine of collateral estoppel relied on by the Government is not applicable in this case.

The availability of § 2462 as a defense turns upon whether § 26(b) of the Surplus Property Act of 1944 imposes a civil penalty or a civil sanction of a remedial character.

■■ In Rex Trailer Co. v. United States, 1956, 350 U.S. 148, 76 S.Ct. 219, 221, the Supreme Court held that § 26(b) creates a right to recover liquidated damages, thus putting at rest an asserted conflict between the decisions of the Courts of Appeals of the 5th, 6th and 7th Circuits. See United States v. Weaver, 5 Cir., 1953, 207 F.2d 796; United States v. Witherspoon, 6 Cir., 1954, 211 F.2d 858; United States v. Rex Trailer Co., 7 Cir., 1955, 218 F.2d 880. "Liquidated damage provisions, when reasonable," the Court said, "are not to be regarded as penalties, United States v. United Engineering & Contracting Co., 234 U.S. 236, 241, 34 S.Ct. 843, 845, 58 L.Ed. 1294, and are therefore civil in nature." The liability imposed by § 26(b), like the es-

"(1) shall pay to the United States the sum of $2,000 for each such act, and double the amount of any damage which the United States may have sustained by reason thereof, together with the costs of suit; * * *."

2. "Whoever promises, offers, or gives any money or thing of value, * * * to any officer or employee or person acting for or on behalf of the United States, or any department or agency thereof, in any official function, under or by authority of any such department or agency * * * with intent to influence his decision or action on any question, matter, cause, or proceeding which may at any time be pending, or which may by law be brought before him in his official capacity, * * * or with intent to influence him to commit or aid in committing, or to collude in, or allow, any fraud, or make opportunity for the commission of any fraud, on the United States, or to induce him to do or omit to do any act in violation of his lawful duty, shall be fined not more than three times the amount of such money or value of such thing or imprisoned not more than three years, or both."

3. "Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the offender or the property is found within the United States in order that proper service may be made thereon."

sentially similar liabilities created by the False Claims Act, 31 U.S.C.A. § 231 and the Revenue Act of 1928, c. 852, § 293, 45 Stat. 791, 26 U.S.C.A.Int.Rev.Acts, page 431, is not a criminal penalty. It is not barred by the double jeopardy clause though sought to be enforced post conviction or acquittal in a criminal prosecution. Rex Trailer Co. v. United States, supra; United States ex rel. Marcus v. Hess, 1943, 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443; Helvering v. Mitchell, 1938, 303 U.S. 391, 58 S.Ct. 630, 636, 82 L.Ed. 917.

 In Helvering v. Mitchell, supra, the Supreme Court decided that the 50% assessment for fraud with intent to evade income taxes under the Revenue Act of 1928 was "a civil administrative sanction". The Court of Appeals has held that "what was said in Helvering v. Mitchell, * * * to the effect that such additions are but civil administrative sanctions of a remedial character in aid of the assessment and collection of taxes" is to be "taken to mean not only that they were not penalties imposed as punishment for crime, which was what was actually decided in the Mitchell case, but that, as the language in that opinion indicates, they are not to be considered penal in any sense." Scadron's Estate v. Commissioner of Internal Revenue, 2 Cir., 1954, 212 F.2d 188, certiorari denied, 1954, 348 U.S. 832, 75 S.Ct. 55, 99 L.Ed. 656; see also Kirk v. Commissioner, 1 Cir., 1950, 179 F.2d 619, 15 A.L.R.2d 619; and Reimer's Estate v. Commissioner, 6 Cir., 1950, 180 F.2d 159. The nature of the recovery is not altered by the failure of the Government to allege specific damages or its inability to show actual damage, since, as was held in Rex Trailer Co. v. United States, supra, the remedy provided by § 26(b) is comparable to the recovery under liquidated damage provisions which fix compensation for anticipated loss. See United States ex rel. Marcus v. Hess, supra. The statute of limitations is ,therefore, not available as a defense in the instant action.

 The defendant's plea of guilty to the indictment returned against him in the District of Montana estops him under familiar doctrine from relitigating the issues actually determined in that proceeding. Cromwell v. County of Sac, 1876, 94 U.S. 351, 24 L.Ed. 195; United States v. International Building Co., 1953, 345 U.S. 502, 73 S.Ct. 807, 97 L.Ed. 1182; United States v. Ben Grunstein & Sons Co., D.C.D.N.J.1955, 127 F. Supp. 907. Relitigation in a civil action of an issue determined adversely to the defendant in a prior criminal proceeding is foreclosed, whether the prior determination was based on the verdict of a jury, Emich Motors Corp. v. General Motors Corp., 1951, 340 U.S. 558, 71 S.Ct. 408, 95 L.Ed. 534; Local 167, etc. v. United States, 1934, 291 U.S. 293, 54 S. Ct. 396, 78 L.Ed. 804, or on a plea of guilty. United States v. Bower, D.C.E.D. Tenn.1951, 95 F.Supp. 19; United States v. Accardo, D.C.D.N.J.1953, 113 F.Supp. 784, affirmed, 3 Cir., 1953, 208 F.2d 632, certiorari denied, 1954, 347 U.S. 952, 74 S.Ct. 677, 98 L.Ed. 1098; United States v. American Precision Products Corp., D.C.D.N.J.1953, 115 F.Supp. 823; United States v. Ben Grunstein, supra. Indeed, where the prior conviction resulted from a plea of guilty there would appear to be greater warrant for application of the doctrine since the defendant has admitted the truth of the charges contained in the indictment. Since a judgment in a prior proceeding is conclusive in a subsequent action only as to the issues actually determined therein, it becomes necessary to define those issues.

The indictment charged that the defendant unlawfully and feloniously promised money to a certain officer and person acting for and on behalf of the United States in an official function, to wit, the Base Salvage Officer of the Great Falls United States Air Force Base for the purpose and with the intent to influence him to do an act in violation of his lawful duty in respect to the disposal of salvage property of the United States.

The defendant urges that the "gravamen of the charge in the indictment is

one of bribery," that the specification therein of the duty of the officer whom he attempted to bribe is mere surplusage and, therefore, that his plea of guilty "did not embrace such an immaterial portion of the indictment which bears reference to the disposal of salvage property".

Essential to a conviction of the defendant under the indictment returned against him was a finding that the person to whom he offered a bribe was acting for or on behalf of the United States or any department or agency thereof in an official function by authority of such department or agency and that a bribe was offered with intent to induce him to do or omit to do any act in violation of his lawful duty. See 18 U.S.C.A. § 201. Indeed, the defendant on his appeal from the judgment of conviction after trial argued to the Court of Appeals that the indictment should be dismissed for insufficiency because it did not describe the duties or official functions of the Base Salvage Officer. That argument was rejected, the Court stating, Schneider v. United States, supra, 192 F.2d at page 500:

> "The duties of him to whom the offer is made or the bribe given are most pertinent. But we are of the opinion that the description in the indictment is adequate and sufficient under the ruling of this court in United States v. Bickford, 9 Cir., 168 F.2d 26, 27–28."

The defendant was in error when he argued in the criminal prosecution that the indictment failed to adequately describe the duties of the Base Salvage Officer and he is equally in error in this action when he urges that that very description is mere surplusage.

It is not disputed that the offer of a bribe is a fraudulent trick, scheme or device within the meaning of the Act. But, argues the defendant, the disposition of "salvage" property does not come within the orbit of the Surplus Property Act of 1944. This contention is wholly without substance. Section 11 deals with the disposition of "surplus" property; Section 14 with "salvage" property. Section 26(b) refers to fraudulent schemes in connection with the disposition of property under the Act and obviously refers to dispositions of "surplus" materials under Section 11 and "salvage" property under Section 14.

Plaintiff's motion for summary judgment is granted.

