UNITED STATES of America,
Plaintiff,

v.

Frank J. GUZZONE, Joseph Guzzone and Nicholas Guzzone, Defendants.

Civ. A. No. 14687.

United States District Court
E. D. New York.

Dec. 16, 1958.

Cornelius W. Wickersham, Jr., U. S. Atty., for the Eastern Dist. of New York, Lloyd H. Baker, Asst. U. S. Atty., Brooklyn, N. Y., for plaintiff.

August Zolotorofe, Brooklyn, N. Y., for defendants Joseph Guzzone and Nicholas Guzzone.

BYERS, Chief Judge.

The plaintiffs seeks judgment against the three defendants named, who are brothers, by reason of the violation of the section of the Surplus Property Act of 1944 [1] later to be discussed.

The facts are not in dispute as to the transactions giving rise to the asserted cause, namely that the defendants illegally acquired certain motor trucks constituting government property, which were held for sale only to veterans of World War II. Ostensibly fifteen trucks were so sold, but the veterans, at the instance of the defendants, instead of using the trucks, transferred them to the defendants.

This was done in spite of representations by the veterans that they severally purchased the trucks to use in their own business.

The defendant Frank Guzzone fled the jurisdiction, and while named as a defendant here, process was not served upon him, whereby jurisdiction as to him has not attached.

The scheme was effected in part as the result of the bribery of certain government employees who are said to have come to trial to answer criminal charges in that connection, with the result that they were acquitted. That record is not now before the court, and the outcome is referred to in passing, for the sake of completeness of recital.

It is a related case, and has its place in an understanding of a criminal charge of conspiracy against these defendants in this court (Cr. 41998) and argument made in reference thereto on behalf of these defendants.

The date of the indictment against these defendants is January 4, 1949, and it charged a conspiracy between May 23, 1946 and January 10, 1947 on their part and other persons unknown, to accomplish the purpose briefly stated above, in violation of Title 18 U.S.C. § 80; eight overt acts are therein specified.

Since this cause is entirely of statutory origin, it seems necessary to deraign the series of enactments involved, if defendants' liability is to be demonstrated.

The complaint was filed August 24, 1954 and asserts for the first cause that:

"The action arises under the Act of Congress 58 Stat. 479; and United States Code, Title 38, Section 231."

The latter reference should be to Title 31, as is conceded.

The first reference is to what is known as the Surplus Property Act, and the second is the False Claims Act. The latter contains a criminal sanction, while the former does not; but this distinction as of the date of filing the complaint is more apparent than real, for reasons to be explained.

### The False Claims Act.

In its original form enacted in 1909, the criminal sanction of this Act, found in Title 18 U.S.C. § 80, had to do with the effort to collect money from the United States by the use of fraudulent methods, namely, bills, receipts, etc. It remained substantially in that form until 1934 when it was amended to embrace

1. Now 40 U.S.C.A. § 471 et seq.

misconduct involving willful falsification concerning *"any matter within the jurisdiction of any department or agency of the United States * * *."* (Italics supplied.)

In 1938 it was again amended but not in any respect presently material.

In 1948, the former statute was repealed and projected in an Act to be found in Title 18 U.S.C. § 287, which dealt with claims for money, and Title 18 U.S.C. § 1001, reading:

> "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined * * *" etc.

### Surplus Property Act.

The original enactment is found in 58 Stat.Ch. 479 (entitled Surplus Property Act of 1944) referred to in paragraph 1 of the complaint. That statute was repealed in 1949. See 63 Stat.Ch. 288, Sec. 502(a) (1).

The new statute was entitled "Federal Property and Administrative Services Act of 1949." It contained Section 209 (b) which is in form the same in all material respects as Section 26(b) of the earlier law.

The fact of the repealer clause is relied upon by the defendants in an argument presently to be considered, but not answered in the Government's brief.

Since the repealer and reenactment were embodied in the same legislative enactment without substantial change, it is apparent that the purpose residing in the earlier statute was preserved and carried forward in the law of 1949, whereby a continuity of legislation was accomplished.

So much has been decided in the following cases:

United States v. Rubin, 7 Cir., 243 F. 2d 900; see footnote page 901, which states:

> "Section 26(b) of the Surplus Property Act of 1944 has been carried into and merged in § 209(b) of the Federal Property and Administrative Services Act of 1949 and, as such, is found in 40 U.S.C.A. § 489 (b)."

United States v. Hougham, D.C., 148 F.Supp. 715. Here the court says that the 1944 statute was "repealed and reenacted" in the 1949 Act.

There is an interrelation between these statutes as is explained in the opinion of Judge Clark in United States v. Goldsmith, 2 Cir., 108 F.2d 917, at page 918 et seq.

See also United States v. Kapp, 302 U. S. 214, 58 S.Ct. 182, 82 L.Ed. 205, and Todorow v. U. S., 9 Cir., 173 F.2d 439, at page 444.

This means that the courts have construed a violation of the Surplus Property Act to fall within the prohibition of the False Claims statute, although it did not involve the presentation of a false claim for money.

The statutory history briefly indicated above, was not the subject of discussion in the Government's brief, whereby the process of decision has been rendered unnecessarily burdensome.

That history is somewhat involved in the prior happenings in this case. There was a motion by both sides for summary judgment, disposed of by Judge Abruzzo on April 30, 1957, and the Government's brief on that motion stated on page 2:

> "The action is brought under the False Claims Act, Title 31, United States Code, Section 231, and the complaint demands judgment, etc."

Seemingly the only question presented on that motion was the bearing of the applicable statute of limitations, and both motions were denied.

In this trial, the Government's case consisted of the testimony of the defendant Nicholas, who was called as an adverse witness, and the submission as part

of the Government's case of the indictment about to be discussed, and the plea of guilty thereto.

The circumstances involved were these:

The indictment charged a conspiracy to violate the False Claims Act by the misuse of veteran priority certificates issued to the persons named, and conduct appropriate to the accomplishment of that purpose.

There is no reference to the Surplus Property Act in the indictment.

On October 5, 1949, the defendants Nicholas and Joseph, pleaded guilty, and on June 14, 1950 each received a sentence of nine months, execution was suspended, and each was placed on probation for one year.

It does not appear in this record, but the inference is permissible, that the lapse of time between the plea and sentence, was to make it possible for these defendants to be called as witnesses in the bribery case.

■ The fact that acquittal followed as to the defendant or defendants in that trial, presents no problem here, since the alleged bribery was not an original element to the conspiracy charged, which related to the defendants and their employees or agents; nor can it avail to urge that the Government did not lose money on the sale of the trucks, which is said to have been effected at OPA prices, and it is so assumed for present purposes, but that has no bearing upon the nature of the defendants' conduct. The object of the Surplus Property Act was to restrict the sale of property to veterans for their use, and that object these defendants conspired to defeat.

This complaint was filed August 24, 1954, and the answer December 8th of the same year.

At the outset of this trial, the United States Attorney said:

"We are not proceeding under the second mentioned statute (Tit. 38 [31] U.S.C. [§] 231, False Claims Act). We are proceeding under the first mentioned statute, 58 Stat.Ch.

479 which is the Surplus Property Act on which we elected to proceed."

He later stated that the latter is codified as 40 U.S.C. § 489(b).

It will be seen that the case as so made, turns very largely upon questions of law, and the only questions of fact will be made the subject of findings as later noted.

The contentions of the defendants requiring discussion are the following:

(1) That the complaint should be dismissed "as there is no section of law under which the action was brought." This means that the 1944 Surplus Property Act has been repealed.

The subject matter of that argument has been considered above, and must be resolved against the defendants for reasons stated.

■ (2) The Government may not rely upon the pleas of guilty to the indictment. The argument runs that since there was only one count in that indictment, namely, a conspiracy to violate the False Claims Act, the plea of guilty may not be availed of, because the defendants should not be deemed to have confessed guilt, as to each of the persons named in the overt acts.

This court must take the record as it finds it: the defendants have pleaded to the indictment as lodged against them, and whether the plea should have been only to specific overt acts, it is too late to inquire.

The effect of such plea as an estoppel here, has been carefully weighed in the following cases, cited in the Government's brief, which will be followed: United States v. Ben Grunstein & Sons Co., D.C., 127 F.Supp. 907; United States v. Schneider, D.C., 139 F.Supp. 826; United States v. Salvatore, D.C., 140 F.Supp. 470.

The issue of the defendants' violation of the law will not be relitigated in this case, and is deemed to have been determined adversely to them.

■ The final argument for the defendants is that the statute of limitations

bars recovery, namely the six year period specified in Tit. 31 U.S.C. § 235, which concerns the False Claims Act.

As has been seen, the Government has elected to seek recovery under the Surplus Property Act.

United States v. Weaver, 5 Cir., 207 F.2d 796, decides that there is no statutory period of limitations applicable to the latter. The holding is that such an action is to recover damages, not a penalty within Tit. 28 U.S.C. § 2462.

The latter is a five year statute.

The defendants cite United States v. Witherspoon, 6 Cir., 211 F.2d 858, which supports their argument. That case however must be deemed to have been overruled by Rex Trailor Co. v. U. S., 350 U.S. 148, 76 S.Ct. 219, 100 L.Ed. 149, which is in accord with Weaver, supra.

The subject of limitation was discussed in the Schneider case, supra, at the bottom of the second column, 139 F.Supp. at page 829. See also the Salvatore case, supra.

This argument is therefore resolved against the defendants.

Since the remedy sought is of damages, liquidated in form by the statute, see Rex supra, no question of double jeopardy is involved, arising from the plea of guilty to the said indictment.

From all of which it follows that judgment must be rendered in favor of the plaintiff against these defendants, in accordance with the provisions of the Surplus Property Act.

Since the plaintiff has stated that but nine of the fifteen transactions referred to in the indictment are relied upon in this cause, the court is not in a position to state findings in this respect, because they have not been identified in the record.

Probably that lapse can be cured by the Government's serving proposed findings to identify the transactions clearly, to be Settled on Notice.

At the filing of the complaint in 1954, it is technically true that the recital quoted above as to the statute under which the action arose was not 58 Stat. Ch. 479, but 63 Stat.Ch. 288, Sec. 209(b); therefore it would be in the interests of accuracy to amend the complaint to so allege. That also can be embodied in the findings, as a basis for granting a motion to amend.

The Government's trial brief concludes thus: "The plaintiff should be granted judgment for a $2000. penalty for each fraudulent act set forth in the indictment to which the defendants have pleaded guilty."

The foregoing is understood to embrace both causes of action as pleaded, and to seek a recovery of $18,000 in all, as liquidated damages. If that understanding is correct, judgment will be so ordered, to be settled on notice, which is to embrace the findings above requested.