**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Joseph GUZZONE and Nicholas Guzzone,**
**Defendants-Appellants.**

**No. 76, Docket 25697.**

United States Court of Appeals
Second Circuit.

Argued Nov. 13, 1959.

Decided Dec. 15, 1959.

August Zolotorofe, Brooklyn, N. Y., for appellants, Julian G. Linker, Brooklyn, N. Y., of counsel.

George Cochran Doub, Asst. Atty. Gen., Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., Samuel D. Slade and Seymour Farber, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before SWAN, MAGRUDER * and LUMBARD, Circuit Judges.

SWAN, Circuit Judge.

This is an appeal by the defendants in an action brought by the United States under the Surplus Property Act of 1944, in which the plaintiff obtained a joint and

---

* Judge Calvert Magruder of the First Circuit sitting by designation.

273 F.2d—8½

several judgment against them for $18,-042.20, representing the recovery of $2,-000 for each of nine violations of section 26(b) of said Act, plus costs.[1] The complaint, filed August 24, 1954, more than seven years after the acts complained of, alleged that in violation of the provisions of the Surplus Property Act of 1944 and the False Claims Act the defendants, between May 23, 1946 and January 10, 1947, caused fifteen named veterans of World War II to purchase from the War Assets Administration, by the use of false statements in priority certificates, fifteen motor trucks classed as surplus property and to transfer the purchased trucks to the defendants. Judgment was sought against each of the defendants in the sum of $30,000. The defendants' answer denied liability and pleaded the statute of limitations.

The complaint stated that the action arises under the Surplus Property Act and the False Claims Act.[2] At the outset of the trial the United States Attorney announced that he was proceeding under the Surplus Property Act only. To prove the allegations of its complaint plaintiff relied upon the defendants' pleas

of guilty to an indictment which charged the present appellants with conspiracy to violate the False Claims Act and upon the judgments of conviction entered thereon in June 1950.[3] There was also the admission by Nicholas Guzzone, called by plaintiff as an adverse witness, to the effect that he was guilty of one of the nine overt acts set forth in the indictment, namely, the one which referred to John Noto.[4]

■■ The principal question presented by the appeal is whether the defendants' pleas of guilty to the conspiracy indictment, and the judgments of conviction entered thereon, conclusively established their liability for each of the nine overt acts set forth in the indictment. The District Judge held that it did. In his opinion, 168 F.Supp. 711, at page 714, Judge Byers said:

"This court must take the record as it finds it: the defendants have pleaded to the indictment as lodged against them, and whether the plea should have been only to specific overt acts, it is too late to inquire.

\* \* \* \* \* \*

---

[1]. Section 26(b) of said Act now appears as 40 U.S.C.A. § 489(b). In pertinent part it reads as follows:

"(b) Every person who shall use or engage in, or cause to be used or engaged in, or enter into an agreement, combination, or conspiracy to use or engage in or to cause to be used or engaged in, any fraudulent trick, scheme, or device, for the purpose of securing or obtaining, or aiding to secure or obtain, for any person any payment, property, or other benefits from the United States or any Federal agency in connection with the procurement, transfer, or disposition of property under this chapter, chapter 11B of Title 5, chapter 4 of Title 41, and chapter 11 of Title 44—

"(1) shall pay to the United States the sum of $2,000 for each such act, and double the amount of any damage which the United States may have sustained by reason thereof, together with the cost of suit;

\* \* \* \* \*

"(d) The civil remedies provided in this section shall be in addition to all other criminal penalties and civil remedies provided by law."

[2]. The latter appears as 31 U.S.C.A. § 231 et seq.

[3]. During the period when the conspiracy was alleged to exist, i. e. between May 1946 and January 1947, the False Claims Act appeared as 18 U.S.C. § 80 (1940 ed.). This section, as Judge Byers' opinion well explains, was carried forward into two sections of Title 18, namely § 287 and § 1001. The latter is the pertinent section and reads as follows:

"Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both."

[4]. The indictment listed only eight overt acts in furtherance of the conspiracy, but these eight acts had reference to fraudulent conduct by the defendants involving nine different veterans.

"The issue of the defendants' violation of the law will not be relitigated in this case, and is deemed to have been determined adversely to them."

He also filed findings of fact and conclusions of law.

The indictment, filed January 4, 1949, contained a single count charging the present appellants with conspiring between May 23, 1946 and January 10, 1947 to violate the False Claims Act, 18 U.S.C. § 80 (1946 ed.), by causing fifteen named veterans (being the same fifteen named in plaintiff's complaint) to file false statements in applications for veterans' priority certificates in connection with the purchase of surplus trucks from the War Assets Administration. The indictment further alleged that in pursuance of said conspiracy the defendants committed *nine* overt acts, each of which had to do with one or more of the named veterans.

No substantive counts were included in the indictment. The defendants were not charged with unlawfully obtaining surplus trucks, but with conspiring to cause the veterans to file false statements.[5] The pleas admitted this, and estop the defendants from denying it in the Government's civil action. Whether or not the veterans purchased trucks and transferred them to the defendants (although admissible evidence in the criminal trial) was not necessary to establishment of the conspiracy charged, and allegations that they did so were superfluous.

It is well established that a prior criminal conviction may work an estoppel in favor of the Government in a subsequent civil proceeding, but such estoppel extends only to questions distinctly put in issue and directly determined in the criminal prosecution. See Emich Motors v. General Motors, 340 U.S. 558, 569, 71 S.Ct. 408, 95 L.Ed. 534. In United States v. Wainer, 7 Cir., 211 F.2d 669, 672, the court said:

"* * * Obviously a general verdict of guilty, or for that matter the entry of a plea of guilty, on a count for conspiracy does not determine which of the particular means charged in the indictment were used to effectuate the conspiracy."

Rulings to the same effect, with citation of additional authorities, may be found in United States v. Schneider, D.C.S.D. N.Y., 139 F.Supp. 826, 829; United States v. Ben Grunstein & Sons Co., D.C. N.J., 127 F.Supp. 907, 910; United States v. American Packing Corp., D.C.N.J., 113 F.Supp. 223, 225. We are satisfied both on principle and on the authority of decided cases that the court below was in error in holding that plaintiff's proof established not only the defendant's participation in the conspiracy but also their guilt for every overt act set forth in the indictment. The proof was sufficient to establish a violation of the False Claims Act, and the commission of the overt act involving John Noto. This justified a recovery by plaintiff of the statutory damages of $2,000 and costs, unless the claim was barred by a statute of limitations.

■■ The appellants assert that the action was barred by the six year limitation applicable to civil actions under the False Claims Act, 31 U.S.C.A. § 235. But, as noted above, the plaintiff elected to proceed under the Surplus Property Act to which the complaint made reference as a ground for recovery as well as to the False Claims Act. This was permissible. A plaintiff may set forth alternative legal bases for recovery. See Rule 8(e), F.R.Civ.Proc., 28 U.S.C.A. It has been authoritatively determined that no statute of limitations is applicable to an action under the Surplus Property Act. United States v. Doman, 3 Cir., 255 F.2d 865, affirmed sub nom. Koller v. United States, 359 U.S. 309, 79 S.Ct. 755, 3 L.Ed. 2d 828.

For the foregoing reasons the judgment is modified by reducing the recovery to $2,000 and costs, and as thus modified is affirmed.

---

5. See note 3 supra.