UNITED STATES of America,
Plaintiff,

v.

E. B. HOUGHAM, individually and doing business as Bakers Motor Market; Owen Dailey, an individual, William E. Schwartze, an individual, and Eugean Leroy Hochstedler, an individual, Defendants.

Civ. No. 1423.

United States District Court
S. D. California, N. D.

Jan. 18, 1957.

Laughlin E. Waters, U. S. Atty., Max F. Deutz, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff.

Conron, Heard & James, Calvin H. Conron, Jr., Bakersfield, Cal., for defendants.

JERTBERG, District Judge.

On December 31, 1954, plaintiff filed its orginal complaint seeking judgment against the defendants for damages for fraudulent purchases of government property. The complaint was instituted under the provisions of Section 26(b) of the Surplus Property Act of 1944, 50 U.S.C.A. Appendix, § 1635(b), repealed and re-enacted as Section 209(b) of the Federal Property and Administrative Services Act of 1949, 41 U.S.C.A. § 239(b), and re-numbered as 40 U.S.C.A. § 489(b).

The defendants moved to dismiss the action on the ground that the Court lacked jurisdiction over the subject matter; that the complaint failed to state a claim upon which relief could be granted, and that the action was not brought within the statutory period.

Under date of September 7, 1955, I denied the motion of the defendants to dismiss the action. In that order I held that the Court had jurisdiction over the subject matter of the action by virtue of the provisions of Section 26(c) of the Surplus Property Act of 1944, repealed and reenacted as Section 209(c) of the Federal Property and Administrative Services Act of 1949, and that the complaint clearly alleged a violation of the Surplus Property Act. In respect to that ground of the motion to dismiss based upon the contention that the action was not brought within the statutory period I held that Section 2462 of Title 28 U.S.C.A. was applicable, and that the suit could not be entertained unless commenced within five years from the date when the claim first accrued. I further stated that the war time suspension of limitations statute, 18 U.S.C.A. § 3287, was applicable, and inasmuch as the complaint was filed December 31, 1954, the action was not barred by Section 2462 of Title 28 U.S. C.A.

In reaching the conclusion that said section was applicable to the instant case I relied on the views expressed in United States v. Witherspoon, 6 Cir., 211 F.2d 858. The Witherspoon case held that an action under Section 26(b) of the Surplus Property Act, 50 U.S. C.A.Appendix, § 1635(b), repealed and re-enacted as Section 209(b) of the Federal Property and Administrative Services Act of 1949, 40 U.S.C.A. § 489(b), was an action for a "penalty", within the meaning of Section 2462 of Title 28 U.S.C.A.

The Circuit Court of Appeals of the Fifth Circuit, in United States v. Weaver, 207 F.2d 796, reached a contrary conclusion and held that an action of the character here involved was a civil action to recover an award of damages of a compensatory nature, payable to the United States for injury to its property rights, and was not a civil action for a penalty. Later the United States Court of Appeals for the Seventh Circuit, in the case of United States v. Rex Trailer Company, 218 F.2d 880, held that Section 26(b) of the Surplus Property Act of 1944 was not penal in nature. The Supreme Court granted certiorari in that case, 349 U.S. 937, 75 S.Ct. 784, 99 L.Ed. 1265. In its opinion, 350 U.S. 148, 76 S.Ct. 219, 220, 100 L.Ed. 149, the Supreme Court stated that it granted the petition for a writ of certiorari "to resolve an asserted conflict between the decisions of the Circuit Courts of Appeals. In considering whether the statute of limitations contained in 28 U.S. C. § 2462, [Title] 28 U.S.C.A. § 2462 applied to § 26(b) (1) of the Surplus Property Act, the Fifth Circuit held § 26(b) (1) to be a civil remedy in United States v. Weaver, 207 F.2d 796, 797, and the Sixth Circuit held it to be penal in United States v. Witherspoon, 211 F.2d 858."

In the Rex Trailer Company case the petitioner contended that the action brought by the Government to recover $2,000 on each of five counts of the complaint based on Section 26(b) (1) of

the Surplus Property Act of 1944, placed it twice in jeopardy in violation of the Fifth Amendment. In an earlier proceeding the petitioner had pleaded nolo contendere to a five-count indictment based on the same five transactions, and had paid fines in the aggregate amount of $25,000. The Supreme Court affirmed the Circuit Court of Appeals, and the District Court, and held that the recovery under Section 26(b) (1) is civil in nature and did not put the petitioner twice in jeopardy in violation of the Fifth Amendment.

While the statute of limitations was not involved in the Rex Trailer Company case, the character of Section 26(b) (1) of the Surplus Property Act of 1944 was involved. At page 151 of 350 U.S., at page 221 of 76 S.Ct. of the opinion, the Court stated:

> "We conclude that the recovery here is civil in nature. The Government has the right to make contracts and hold and dispose of property, and, for the protection of its property rights, it may resort to the same remedies as a private person. Cotton v. United States, 11 How. 229, 13 L.Ed. 675. Liquidated damages are a well-known remedy, and in fact Congress has utilized this form of recovery in numerous situations. In all building contracts, for instance, Congress has required the insertion of a liquidated damage clause which 'shall be conclusive and binding upon all parties' without proof of 'actual or specific damages sustained * * *.' 32 Stat. 326, 40 U.S.C. § 269. Liquidated damage provisions, when reasonable, are not to be regarded as penalties, United States v. United Engineering & Construction Co., 234 U.S. 236, 241, 34 S.Ct. 843, 845, 58 L.Ed. 1294, and are therefore civil in nature."

In view of this decision I feel constrained to confess that I was in error in my order of September 7, 1955,

holding that Section 2462 of Title 28 U.S.C.A. was the applicable statute of limitations in the instant case. No statute of limitations appears in the Surplus Property Act of 1944. None appears in Section 489 of Title 40, U.S.C.A. Section 28 of the Surplus Property Act of 1944, 50 U.S.C.A.Appendix, § 1637[1] simply provides that the running of any existing statute of limitations applicable to the handling and disposal of surplus property shall be suspended until three years after the termination of hostilities. If none exists, of course, these sections are inapplicable. I now hold that there is no statute of limitations applicable in the instant case and that my order of September 7, 1955, must. be modified accordingly.

On October 9, 1956, the defendants filed a motion for an order of this Court dismissing the action, and for a summary judgment. On November 2, 1956, the plaintiff filed its motion for an order permitting the filing of the first amended complaint. All of the above orders came on for hearing before the Court on November 13, 1956. Laughlin E. Waters, United States Attorney, Max F. Deutz, Assistant United States Attorney, and Richard A. Lavine, Assistant United States Attorney, appearing, represented the plaintiff, and Conron, Heard and James, Calvin H. Conlon appearing, represented the defendants. Following oral argument and the filing of written briefs, these motions were submitted to the Court for its decision on November 24, 1956.

Prior to the ruling on these motions, and on December 21, 1956, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., plaintiff moved for an order permitting the filing of a second amended complaint upon the ground that the second amended complaint was made to conform to the proof that the plaintiff intends to submit at the trial in support of its claim for relief, and in that motion plaintiff withdrew the proposed first amended

---

1. Now 18 U.S.C.A. § 3287.

complaint. This motion came on for hearing before the Court on January 14, 1957. Laughlin E. Waters, United States Attorney, Max F. Deutz, Assistant United States Attorney, and Richard A. Lavine, Assistant United States Attorney, appearing, represented the plaintiff, and Conron, Heard and James, Calvin H. Conron appearing, represented the defendants. Following oral argument, all motions were submitted to the Court for its decision.

■ Defendants' motions to dismiss the original complaint and for summary judgment are based largely upon matters developed as the result of discovery proceedings. I held in my order of September 7, 1955, that the original complaint alleged sufficient facts upon which relief might be granted. The original complaint and the answer thereto raised issues of fact. The motions are premature and could be determined only after the plaintiff had offered its proof and rested. The motions to dismiss and for summary judgment are, and each of them is, therefore denied.

The remaining motion to be considered is the motion of the plaintiff for an order permitting the filing of the second amended complaint.

The defendants oppose the granting of this motion on two grounds, which will be mentioned later.

In the original complaint the false and fraudulent representations relied upon were the alleged representations in each cause of action that the veteran involved in each cause of action respectively certified and represented that the surplus property procured from the Government under each cause of action was being purchased by the veteran for his own personal use, whereas it is alleged that said property was being purchased by the veteran for the defendant, E. B. Hougham. The original complaint further alleged that pursuant to the provisions of Section 26(b) of the Surplus Property Act of 1944, repealed and reenacted as Section 209(b) of the Federal Property and Administrative Services Act of 1949, the defendants became liable to pay to the United States the sum of $2,000 for each act committed by them in violation of law, and double the amount of the undetermined damages which the United States has sustained by reason thereof.

The offered second amended complaint seeks judgment against the defendants as liquidated damages the sum of $2,000 for each act that is determined by the Court to be in violation of Section 26(b) of the Surplus Property Act of 1944. It seeks recovery of the damages under the same provisions of law which were set forth in the original complaint. The items of property set forth in paragraph 7 are the same in both complaints, except a truck purchased on November 26, 1946, alleged in the original complaint is not included in the second amended complaint. In paragraph 7 of the original complaint (subdivision 3) it is alleged that the defendant, E. B. Hougham, caused the defendant, Owen Dailey, to certify and represent to the War Assets Administration that the surplus property was being bought for the defendant Dailey's *personal* use, and in subdivision 4 of paragraph 7 it is alleged that such certification and representations were false, since in fact the said property was being purchased by the defendant, Owen Dailey, for the defendant, E. B. Hougham, and not for the defendant Owen Dailey's personal use. In subdivision 3 of paragraph 7 of the second amended complaint it is alleged that the defendant, E. B. Hougham, caused the defendant, Owen Dailey, to certify and represent to the War Assets Administration that the surplus property was being bought for the defendant Owen Dailey's use in Owen Dailey's *own personal individual* enterprise, and then follows a series of alleged representations made to the War Assets Administration. Subdivision 4 of paragraph 7 of the second amended complaint alleges that the representations set forth in subdivision 3 were false and known by the defendants, Hougham and Dailey, to be false at the time they were made.

Changes similar to those appearing in Count 1 of the second amended com-

plaint appear in Counts 2 and 3 thereof, except that in Count 2 it is alleged that the defendant, E. B. Hougham, caused the defendant, William E. Schwartze, to certify and represent to the War Assets Administration that the surplus property described in said count was being bought for the defendant William E. Schwartze's *personal use* or for use in William E. Schwartze's *own individual enterprise*. Counts 4 and 5 of the original complaint are omitted from the second amended complaint.

Defendants oppose the motion for an order to file the second amended complaint on two grounds. First, that the causes of action set forth in the second amended complaint are barred by the statute of limitations set forth in Section 2462 of Title 28 U.S.C.A. in that said causes of action are separate and distinct causes of action from those set forth in the original complaint and hence do not "relate back" to the date of the filing of the original complaint. In view of the conclusion that I have heretofore reached, that no statute of limitation is applicable to the acts set forth, no discussion is necessary as to whether or not the second amended complaint sets forth new and distinct causes of action or "relates back" to the filing of the original complaint.

The second ground is that the second amended complaint fails to state a claim upon which relief might be granted.

■ The Congress declared that the objectives of the Surplus Property Act of 1944 were to facilitate and regulate the orderly disposal of surplus property. Among other things, the Act was expressly designed to facilitate the transition of individuals from wartime to peacetime employment, to afford returning veterans an opportunity to establish themselves as proprietors of agricultural, business and professional enterprises, and to assure the sale of surplus property in such quantities and on such terms as would discourage disposal to speculators or for speculative purposes. The disposal program of the War Assets Administration included sales of surplus property at which the only eligible purchasers were veterans of World War II. The surplus property described in the second amended complaint, according to the allegations of the complaint, was purchased at sales which were limited to World War II veterans for their personal use or for use in their own enterprises. In order to be certified as an eligible purchaser at the sales described in the second amended complaint, and as a condition precedent to the same, a veteran was required to certify and represent that the intended use of the surplus property was for specified restricted purposes, and in certain instances, that he had the required occupational qualifications.

■ Paragraph 7 of the second amended complaint alleges the alleged fraudulent representations made by the defendants to obtain the surplus property described in the complaint. Defendants contend that the determination by the War Assets Administration, that the veterans in question were qualified to make the purchases at the restricted sales, was a final and conclusive determination. I do not share that view. If the representations made to the War Assets Administration, in order to obtain priority certificates, were false, as alleged in the second amended complaint, such allegations, in my opinion, constitute a claim upon which relief might be granted. The pertinent regulations adopted by the Administrator were consonant with the purposes of the Act of 1944.

Defendants contend that since the government received the price fixed by it on the surplus property purchased at such restricted sales, the government has not been injured or damaged, and therefore is not entitled to recover. In the Rex Trailer Company case, supra, 350 U.S. at page 153, 76 S.Ct. at page 222, appears the following pertinent language:

"It is obvious that injury to the Government resulted from the Rex Trailer Company's fraudulent purchase of trucks. It precluded bona

fide sales to veterans, decreased the number of motor vehicles available to Government agencies, and tended to promote undesirable speculation. The damages resulting from this injury may be difficult or impossible to ascertain, but it is the function of liquidated damages to provide a measure of recovery in such circumstances."

In United States v. Rohleder, 3 Cir., 157 F.2d 126, it was held that proof of damages is not a condition of recovery under the False Claims Act, 31 U.S.C.A. § 231.

 From my study of the record in this case it is my view that the second amended complaint states a claim upon which relief might be granted.

The motion of the plaintiff to file the second amended complaint and to withdraw the proposed first amended complaint is granted. The defendants are granted twenty days from the date hereof in which to file their answer.

The Clerk of this Court is directed to forthwith mail copies of this memorandum to counsel for all parties.