UNITED STATES of America

v.

BOUND BROOK HOSPITAL, Inc., a Corporation of New Jersey, and Louis S. Borow, Louis S. Borow, Appellant.

No. 12303.

United States Court of Appeals Third Circuit.

Argued Dec. 20, 1957.

Decided Jan. 14, 1958.

Thorn Lord, Trenton, N. J., for appellant.

Herman Scott, Asst. U. S. Atty., Newark, N. J. (Chester A. Weidenburner, U. S. Atty., Newark, N. J., on the brief), for appellee.

Before GOODRICH, KALODNER and HASTIE, Circuit Judges.

GOODRICH, Circuit Judge.

The sole question in this case is the correctness of the district court's measure of damages in a judgment rendered against the defendant, Dr. Louis S. Borow. The defendant purchased from the United States certain medical supplies pursuant to the Surplus Property Act of 1944, c. 479, 58 Stat. 765.* Purporting to act on behalf of a nonprofit hospital corporation, Borow paid only five percent of the Government's valuation of the property. See 32 C.F.R. § 8314.57 (Supp.1947). Then in violation of the agreement that the hospital had made in its application for eligibility, all or nearly all of the supplies were immediately resold by the purchaser. It is now conceded that the defendant secured the supplies fraudulently and is liable for something. The only question is how much.

Section 26(b) of the Surplus Property Act of 1944, c. 479, 58 Stat. 780 (later reenacted by 63 Stat. 392 (1949), 40 U.S. C.A. § 489) provides three choices of consequences for fraud practiced on the United States under the provisions of the act. The second and third do not concern us here. The second has to do with liquidated damages. The third has to do with restoration of the property secured plus liquidated damages. We are concerned only with the first choice which was what the Government made in this case. The person liable "(1) Shall pay to the United States the sum of $2,000 for each such act, and double the amount of any damage which the United States may have sustained by reason thereof * * * "

At the trial the Government claimed damages to the extent of the unpaid portion of the inventory prices on which Borow was given his discount. The defendant admits liability for $2,000 but says that is all he owes. The district judge, however, found to the contrary and held that the defendant must pay not only the $2,000 but double what he got from the unlawful sale of these supplies less what he had already paid the Government therefor.

■ There is no question that the United States has sustained an injury as a result of Dr. Borow's unlawful conduct. At the very least there was a loss in the defeating of the Government's program for applying the surplus material to beneficial social purposes. This was expressly recognized by the Supreme Court in Rex Trailer Co. v. United States, 1956, 350 U.S. 148, 153, 76 S.Ct. 219, 100 L.Ed.

* Now 40 U.S.C.A. § 471 et seq.

149. As relevant here the disposal program was designed to further the public purpose of hospitals, Surplus Property Act of 1944, c. 479, § 13(a)(1)(B), 58 Stat. 771,** while at the same time keeping the supplies out of the hands of speculators, id. § 2(h), 58 Stat. 766. The property was not offered at a ninety-five percent discount to afford an opportunity for private profit. Id. § 2(q), 58 Stat. 766.

What the defendant does argue, however, is that the United States has not proven that it sustained specific monetary damages in the amounts that were claimed by it at the trial or which were found by the trial court. As said above, responsibility for the statutory $2,000 is admitted.

The only difficulty we find with this problem is its novelty. In previous litigation under § 26(b)(1) the Government for the most part seems only to have sought the $2,000[1] and, therefore, the point has never come up. Moreover, there is little chance that it could have. Nearly all of the prior cases which are reported arose out of the fraudulent use of a veteran's priority.[2] Since the loss to the United States was only a wrongful channeling of the property, proof of monetary damages would have been impossible. The Government having sold at a price which it had determined to be a "fair value," see 32 C.F.R. § 8302.11 (Supp.1946), was probably not prepared to show that it could have secured a higher price from a nonpriority buyer.

■ In the present case we have the added factor that the defendant's fraudulent scheme involved obtaining the material at an exceptionally favorable discount, notwithstanding what could have been received for it from the general public. It is obvious that this conduct did cause a potential loss of money to the United States. The real issue before us is whether the amount of that loss was properly determined by the district court.

We do not believe the question to be a difficult one. The defendant got property from the United States for about $2,000 which he resold for $34,000. The defendant is hardly in a position to urge that the property could not have been sold by the United States for as much as he got for it. It seems pretty clear, therefore, that the Government has suffered a pecuniary loss of at least as much as the difference between what it got from the defendant and what the defendant got from his purchaser. Under equitable principles of restitution the amount thus obtained by wrongful act could be recovered from the wrongdoer. See Restatement, Restitution § 151, com. f, 202, cl. a. (1937). We do not think the measure of damages is any less under the terms of this statute. The district court did determine the damages on this basis and then gave judgment pursuant to the statutory mandate for double the amount. The Government is content with this measure of damages and it is certainly not one of which the defendant can make complaint. Whether under other sets of fact a different method of ascertaining damages might be upheld we do not now decide.

The judgment of the district court will be affirmed.

---

** Now 40 U.S.C.A. § 484.

1. See, e. g., Rex Trailer Co. v. United States, 1956, 350 U.S. 148, 76 S.Ct. 219, 100 L.Ed. 149; United States v. Rubin, 7 Cir., 1957, 243 F.2d 900; Daniel v. United States, 5 Cir., 1956, 234 F.2d 102.

2. Falling outside of this classification is United States v. Schneider, D.C.S.D.N.Y. 1956, 139 F.Supp. 826. However, no special damages were alleged in that case.