255 F.2d 865
 UNITED STATES of America
v.
Edward DOMAN, Alexander Joseph Doman, Raymond Jerean Koller,
Morton Zeidman, Howard Albert Borden, Jack Leonard Erlbaum,
John Daniel Guille, Martin Silverbrook, Joseph Henry
Greenstone, Stanley Bear, Libers Ersal Shipton, morris Shneer.
Raymond Jerean Koller, Appellant.
UNITED STATES of America
v.
Edward DOMAN, Alexander Joseph Doman, Raymond Jerean Koller,
Morton Zeidman, Howard Albert Borden, Jack Leonard, Erlbaum,
John Daniel Guille, Martin Silverbrook, Joseph Henry
Greenstone, Stanley Bear, Libers Ersal Shipton, Morris Shneer.
Martin Silverbrook, Appellant.
 Nos. 12371, 12372.
 United States Court of Appeals Third Circuit.
 Argued Feb. 19, 1958.
Decided June 17, 1958.
 
 Robert H. Malis, Philadelphia, Pa. (Malis, Malis & Malis, Philadelphia, Pa., on the brief), for appellants.
 Henry J. Morgan, Asst. U.S. Atty., Philadelphia, Pa. (Harold K. Wood, U.S. Atty., Philadelphia, Pa., on the brief), for appellee.
 Before BIGGS, Chief Judge, and GOODRICH and McLAUGHLIN, Circuit judges.
 BIGGS, Chief Judge.
 
 
 1
 The two appeals at bar, arise out of a single case in the court below, and may be appropriately disposed of in a single opinion. This civil suit was instituted against the defendants under Section 26(b)(1) of the Surplus Property Act of 1944[1] to recover the sum of $2,000 and double damages for each of several fraudulent transactions alleged to have been engaged in by the defendants.
 
 
 2
 The United States filed motions for summary judgment against each of the defendants. Set out in the motions, as their bases, were indictments handed down against Koller and Silverbrook and others, alleging violations of Title 18, U.S.C., 1940 ed. 80 (Mar. 4, 1909) C. 321, 35, 35 Stat. 1095.1A The asserted violations were that Koller and Silverbrook and others had engaged in a fraud upon the United States by filing false applications for priority in the purchase of property of the United States and were the identical acts alleged in the complaint in the present civil action. Both Koller and Silverbrook had pleaded guilty to the indictments and had been fined. The court below in the instant case correctly found that the pleas of guilty entered by Koller and Silverbrook in the criminal case referred to conclusively established the issue of fraud against them in the case at bar. On August 7, 1957 the court below entered judgment against both Koller and Silverbrook and the appeals at bar followed.
 
 
 3
 The acts complained of were committed by Silverbrook on March 15, 1946 and by Koller on July 12, 1945 and June 3, 1946. The complaint in the instant case was filed on May 12, 1955, more than nine years after the completion of the acts complained of. While the general rule is that the statute of limitations ordinarily does not run against the United States, United States v. Summerlin, 1940, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283, where the action brought by the United States is for the enforcement of a civil fine, penalty, or forfeiture, the statute of limitations is five years.[2] The narrow issue, therefore, is whether Section 26(b)(1) of the Surplus Property Act, which requires a person committing the prohibited act to pay the United States the sum of two thousand dollars for each fraudulent act in addition to double the amount of any damages which the United States may have sustained by reason of Koller's and Silverbrook's activities provides a civil fine, a penalty, or a forfeiture, or merely compensatory damages.
 
 
 4
 The United States, relying upon the opinion of the Supreme Court in Rex Trailer Co. v. United States, 1956, 350 U.S. 148, 76 S.Ct. 219, 100 L.Ed. 149, argues that the Surplus Property Act does not impose a civil fine, a penalty, or a forfeiture and therefore the statute of limitations set forth in Section 2462, 28 U.S.C., does not bar suit on the claims before this court. Koller and Silverbrook contend that Section 26(b)(1) does impose a civil penalty and since the decision of the Supreme Court in Rex Trailer did not deal with the statute of limitations issue it affords no authority for the determination of the issue at bar. We cannot agree with defendants' contentions.
 
 
 5
 In Rex Trailer the Supreme Court had before it the issue of whether the Rex Trailer Company, which had pleaded nolle contendere to a charge of fraudulently purchasing motor vehicles under the Act, and had been fined in that criminal proceeding, was subjected to double jeopardy when sued by the United States in a civil action under Section 26(b)(1) to recover $2,000 for each prohibited act, the acts complained of being those set out in the indictment in the criminal case. The court held in substance that the recovery sought under Section 26(b)(1) was civil in nature and did not put the Trailer Company in jeopardy in violation of the Fifth Amendment.
 
 
 6
 The principal question presented for decision in Rex Trailer v. United States was stated to be whether the provisions of Section 26(b)(1) are civil or criminal. While the issue in Rex Trailer was one of double jeopardy, the Court, 350 U.S. at page 149, 76 S.Ct. at page 220, stated that certiorari was granted to resolve an asserted conflict between the decisions of the Courts of Appeals. In footnote 2 it stated, 'In considering whether the statute of limitations contained in 28 U.S.C. 2462, 28 U.S.C.A. 2462, applied to 26(b)(1) of the Surplus Property Act the Fifth Circuit held 26(b)(1) to be a civil remedy in United States v. Weaver, 207 F.2d 796, 797, and the Sixth Circuit held it to be penal in United States v. Witherspoon, 211 F.2d 858.'
 
 
 7
 In holding that Section 26(b)(1) of the Surplus Property Act created a statutory right in the United States to recover liquidated damages which were thought by the Court to be reasonable, we believe that the Court intended to put at rest the 'asserted' conflict between the circuits. See United States v. Hougham, D.C.S.D.Cal.1957, 148 F.Supp. 715; United States v. Schneider, D.C.S.D.N.Y.1956, 139 F.Supp. 826; dissenting opinion of Judge Madden in Erie Basin Metal Products, Inc., v. United States, Ct.Cl., 150 F.Supp. 561, 566-567. But see the majority opinion in Erie Metal Products v. United States, supra.
 
 
 8
 We are of the opinion that Section 26(b)(1) does not provide for a penalty but is remedial in nature. We are buttressed in this view by the opinion of the Supreme Court in United States ex rel. Marcus v. Hess, 1943,317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443. This case involved an action under the False Claims Act, 31 U.S.C.A. 231, which contained language similar to that in Section 26(b) (1) of the Surplus Property Act. It provides that a person who commits certain frauds upon the United States '* * * shall forfeit and pay to the United States the sum of $2,000, and in addition, double the amount of damages which the United States may have sustained. * * *' The Court held that this provision for the recovery of $2,000 and double damages for each fraud was a compensatory civil remedy and therefore was remedial in nature. The Court stated, 317 U.S. at page 551, 63 S.Ct. at page 388, 'We think the chief purpose of the statutes here was to provide for restitution to the government of money taken from it by fraud, and that the device of double damages plus a specific sum was chosen to make sure the government would be made completely whole.'
 
 
 9
 The opinion in Marcus v. Hess was handed down on January 18, 1943. The Surplus Property Act, which employed virtually identical language, was enacted on October 3, 1944. As Mr. Justice Clark stated in footnote 4 cited to the text at 350 U.S. at page 152, 76 S.Ct. at page 222 of Rex Trailer, 'Under these circumstances it would be very difficult to say that these words which provided a civil remedy in the False Claims Act were not intended to provide the same kind of remedy in the Surplus Property Act.'
 
 
 10
 Moreover, it should be noted that Section 26(b) contains three subsections.[3] The latter two clearly provide for multiple damages in the form of or as liquidated damages. These two subsections provide without question a remedy clearly compensatory in nature.
 
 
 11
 Both the wording of Section 26(b) and the pertinent Committee Report, S.Rep. No. 1057, 78th Cong., 2d Sess., p. 14, show that the United States was to have the option of selecting as its remedy any one of the three different measures of damages. It is a reasonable construction of the section that Congress intended all three subparagraphs of Section 26(b) to be in pari materia. We cannot hold that Congress intended that the first of the three subsections set up a penalty section and the other two provided merely for compensatory liquidated damages.
 
 
 12
 The fact that Section 26(b)(1) allows for the recovery of $2,000 in addition to the double damages does not make that section punitive. In Helvering v. Mitchell, 1938, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917 a 50% assessment upon those who committed fraud under the Revenue Act of 1928, 26 U.S.C.A. 293(b) was not considered a penalty, but rather was held to be a civil administrative sanction of a remedial nature. See Scadron's Estate v. Commissioner, 2 Cir., 1954, 212 F.2d 188, certiorari denied 1954, 348 U.S. 832, 75 S.Ct. 55, 99 L.Ed. 656; Kirk v. Commissioner, 1 Cir., 1950, 179 F.2d 619, 15 A.L.R.2d 1031; Reimer's Estate v. Commissioner, 6 Cir., 1950, 180 F.2d 159.
 
 
 13
 The nature of the recovery is not altered by the inability of the United States in the case at bar to show actual damage, since, as was held in Rex Trailer Co., the remedy provided by 26(b)(1) is comparable to a recovery under a liquidated damage provision which fixes compensation for anticipated loss. That the United States had a legitimate proprietary interest in insuring the disposal of its surplus materials to veterans in accordance with the announced policy and objectives of the Surplus Property Act, and that it suffered compensable damage under the statute by defendants' manifest perversion of that policy are propositions which have been settled beyond the need for further review. Rex Trailer Co. v. United States, supra; United States v. Bound Brook Hospital, 3 Cir., 1958, 251 F.2d 12; Daniel v. United States, 5 Cir., 1956, 234 F.2d 102.
 
 
 14
 We conclude that Section 26(b)(1) provides for compensatory damages, and that the statute of limitations, Section 2462, 28 U.S.C., did not bar this action in the court below. The judgment of the court below will be affirmed.
 
 
 
 [1]
 Act of October 3, 1944, ch. 479, 58 Stat. 765 as amended, repealed, and reenacted as of June 30, 1949, ch. 288, Title II, Section 209, 63 Stat. 392, 40 U.S.C.A. 489
 1A Now 18 U.S.C.A. 287, 1001.
 
 
 [2]
 'Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued * * *'. 28 U.S.C. 2462
 
 
 [3]
 Section 26(b) of the Surplus Property Act, Title 40 U.S.C.A. 489 provides as follows:
 '(b) Every person who shall use or engage in or cause to be used or engaged in any fraudulent trick, scheme, or device, for the purpose of securing or obtaining, or aiding to secure or obtain, for any person any payment, property, or other benefits from the United States, or any Government agency in connection with the disposition of property under this Act; or who enters into an agreement, combination, or conspiracy to do any of the foregoing--
 '(1) shall pay to the United States the sum of $2,000. for each such act, and double the amount of any damage which the United States may have sustained by reason thereof, together with the costs of suit; or
 '(2) shall, if the United States Shall so elect, pay to the United States, as liquidated damages, a sum equal to twice the consideration agreed to be given by such person to the United States or any Government agency; or
 '(3) Shall, if the United States shall so elect, restore to the United States the property thus secured and obtained and the United States shall retain as liquidated damages any consideration given to the United States or any Government agency for such property.'