**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 25 1998**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellant,

v.

No. 97-1236

TELLURIDE COMPANY, named: The Telluride
Company; MOUNTAIN VILLAGE, INC., d/b/a
Telluride Mountain Village, Inc.; TELLURIDE
SKI AREA, INC.,

    Defendants-Appellees.

---

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 93-K-2181)**

---

Ellen J. Durkee (Lois J. Schiffer, Assistant Attorney General, Peter Coppelman,
Acting Assistant Attorney General, Robert H. Foster, and Robert L. Klarquist,
Environment & Natural Resources Division, Department of Justice, Washington,
D.C.; Cathy Winer, Joseph G. Thies, and Alan Morissey, Environmental
Protection Agency, Washington, D.C.; Steven B. Moores, and Wendy I. Silver,
Environmental Protection Agency, Denver, Colorado, with her on the briefs),
Environment & Natural Resources Division, Department of Justice, Washington,
D.C., for Plaintiff-Appellant.

David C. Warren (James E. Scarboro, David S. Neslin, and Peter J. Krumholz
with him on the brief) of Arnold & Porter, Denver, Colorado, for Defendants-
Appellees.

---

Before **BRORBY, BARRETT** and **LUCERO**, Circuit Judges.

**BRORBY**, Circuit Judge.

---

The United States appeals the district court's grant of partial summary judgment to the appellees, Telluride Co., Mountain Village Inc., and Telluride Ski Area, Inc. (collectively "Telco"), dismissing the Government's claims for violations of the Clean Water Act, 33 U.S.C. § 1251 *et. seq*, that occurred prior to October 15, 1988. *See United States v. Telluride Co.*, 884 F. Supp. 404 (D. Colo. 1995). The issues on appeal are whether the five-year statute of limitations provided in 28 U.S.C. § 2462 applies to the Government's claims for injunctive relief, where § 2462 by its terms applies only to the "enforcement of any civil fine, penalty, or forfeiture," and whether the district court erred in applying the concurrent remedy rule to bar those claims. Our jurisdiction is exercised under 28 U.S.C. § 1291. For the reasons below, we reverse the district court's judgment.

## BACKGROUND

On October 15, 1993, the United States filed a civil action against Telco in the United States District Court for the District of Colorado under § 309 of the Clean Water Act, 33 U.S.C. § 1319.[1] As authorized by 33 U.S.C. § 1319, the

---

[1] On the same day the Government filed its complaint, it also filed a proposed consent decree for full settlement of the litigation. The district court rejected the proposed decree because it "was not developed in a manner that was

Government sought civil monetary penalties and injunctive relief for Telco's illegal filling of approximately forty-five acres of wetlands between 1981 and 1989, in violation of 33 U.S.C. § 1311(a). In its request for injunctive relief, the Government sought to enjoin Telco from discharging additional material, and to require Telco to restore damaged wetlands to their prior condition or create new wetlands to replace those that could not be restored.

Telco subsequently filed a motion for partial summary judgment on all of the Government's claims for violations that occurred before October 15, 1988, contending these claims were barred by the five-year statute of limitations in 28 U.S.C. § 2462. Section 2462 states in relevant part: "[e]xcept as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued." 28 U.S.C. § 2462. The Government conceded § 2462 applied to its claim for civil penalties, but argued the statute did not bar its claims for injunctive relief. The district court disagreed, applying the concurrent remedy rule to hold § 2462 barred the Government's claims for injunctive relief. The

procedurally or substantively fair" and because of questions regarding whether it adequately fulfilled the objectives of the Clean Water Act.

court interpreted the concurrent remedy rule as providing when legal and equitable relief are available concurrently, and a statute of limitations bars the concurrent legal remedy, the court must withhold the equitable relief. Consequently, because § 2462 barred the Government's claims for legal relief, civil monetary penalties, the court held § 2462 barred its claim for injunctive relief. On May 2, 1995, the court granted Telco's motion for partial summary judgment, dismissing all of the Government's claims for relief for wetlands illegally filled prior to October 15, 1988.[2] The Government appeals the district court's judgment, claiming § 2462 does not apply to its claims for injunctive relief, and the district court erred in applying the concurrent remedy rule to bar those claims.

## ANALYSIS

We review the district court's grant of summary judgment *de novo*, applying the same legal standard used by the district court. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir. 1996). Summary judgment is appropriate "if the

---

[2] The parties subsequently entered into a consent decree, which was entered on April 25, 1997. The decree provides that if the Government is successful in its appeal of the district court's May 2, 1995, order relating to injunctive relief, Telco will perform mitigation on fifteen acres of impacted wetlands through "on-Project and off-Project" mitigation projects.

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, we draw all justifiable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The construction and applicability of a federal statute of limitation is a question of law we review *de novo*. *Wolfgang v. Mid-America Motorsports, Inc.*, 111 F.3d 1515, 1524 (10th Cir. 1997) (stating this court reviews questions of law *de novo*); *Foutz v. United States,* 72 F.3d 802, 804 (10th Cir. 1995) (stating the construction of federal statues is a question of law); *Industrial Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 967 (10th Cir. 1994).

Congress adopted the Clean Water Act (the "Act") "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). To accomplish this purpose, the Act prohibits the discharge of any pollutants, including dredged or fill material, into waters of the United States without a permit. *See* 33 U.S.C. §§ 1311(a), 1344. Certain wetlands enumerated under 33 C.F.R. § 328.3(a) qualify as waters of the United States. Unpermitted dredging and filling of these wetlands, as in Telco's case, are subject to the Act's

enforcement sections. A violator may be subject to a "civil action for appropriate relief, including a permanent or temporary injunction," 33 U.S.C. § 1319(b), and a civil penalty not to exceed $25,000 per day for each violation of 33 U.S.C. §§ 1311 and 1319(d). It is under these sections that the Government sought relief for Telco's violations of 33 U.S.C. § 1311 that occurred prior to October 15, 1988.

The parties do not dispute 28 U.S.C. § 2462 is the applicable federal statute of limitations to the Government's actions for civil penalties under the Act. *See also United States v. Banks,* 115 F.3d 916, 918 (11th Cir. 1997) (applying § 2462 as the default limitation provision for actions under the Act), *cert. denied*, 118 S. Ct. 852 (1998). However, the Government claims the district court erred in applying § 2462 to bar its claims for equitable relief, because the ruling is contrary to the well-settled principles restricting the application of time limitations against the government, and is contrary to the plain language of the statute.

*Section 2462's Applicability*

We interpret § 2462 narrowly because "an action on behalf of the United States in its governmental capacity ... is subject to no time limitation, in the

absence of congressional enactment clearly imposing it." *E.I. DuPont de Nemours & Co. v. Davis*, 264 U.S. 456, 462 (1924).[3] In addition, "[s]tatutes of limitation sought to be applied to bar rights of the government, must receive a strict construction in favor of the government." *Id.*

Section § 2462 clearly applies to "action[s], suit[s] or proceeding[s] for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise." 28 U.S.C. § 2462. The express language of a statute is controlling, absent a clearly expressed legislative intention to the contrary. *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980). The Government claims the statute is inapplicable to non-monetary penalties because the phrase "pecuniary or otherwise" only modifies "forfeiture" not "penalty." Although we might agree based on a common-sense reading of the statute as the commas are now located, and in light of the last antecedent rule that applies modifying words or phrases to the immediately preceding word or phrase, the history of § 2462 does not support such a reading. *See Nobelman v. American Sav. Bank*, 508 U.S. 324, 330 (1993)

---

[3] The Government uses its sovereign power in actions under the Act to protect the public interest. *See, e.g., Deltona Corp. v. Alexander*, 682 F.2d 888, 892 (11th Cir. 1982) (stating the rationale behind the Act's permit system "is to insure that the public interest in environmental safety and quality is preserved"); *see also* 33 U.S.C. § 1251 (stating the objective of the Act is to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters").

(stating the rule of the last antecedent is not compelled). Prior versions of § 2462 read "penalty or forfeiture, pecuniary or otherwise." *See 3M Co. v. Browner*, 17 F.3d 1453, 1458 n.7 (D.C. Cir. 1994). Based on this construction, we view "pecuniary or otherwise" as modifying both the terms penalty and forfeiture. *See Bingham, Ltd. v. United States*, 724 F.2d 921, 926 n.3 (11th Cir. 1984) (applying a supplementary "rule of punctuation," that provides when a "modifier is set off from two or more antecedents by a comma, ... the modifier relate[s] to more than the last antecedent"). In addition, according to the Reviser's Notes on revisions made to the statute in 1947, when the phrase "civil fine" was placed before "penalty," the purpose of the revisions was for a change in phraseology. *See* 28 U.S.C. § 2462 (Historical and Statutory Notes); *Johnson v. SEC*, 87 F.3d 484, 488 n.5 (D.C. Cir. 1996); *3M*, 17 F.3d at 1458. Because a change in phraseology does not render the new statute substantively different from its predecessor, unless such intent is clearly expressed, *see, e.g., Keene Corp. v. United States*, 508 U.S. 200, 208 (1993), we construe § 2462 as applying to non-monetary penalties.

The Government also maintains the plain language of § 2462 does not apply to claims for equitable relief. We agree that actions for equitable relief typically are not actions for penalties or fines. *See Hartford-Empire Co. v. United States*, 323 U.S. 386, 435 (1945) ("relief in equity is remedial, not penal"). We also do

not ignore that, historically, "statutes of limitation are not controlling measures of equitable relief." *Holmberg v. Armbrecht*, 327 U.S. 392, 396 (1946).

However, Telco makes several claims why the restorative injunction in this case is "a civil fine, penalty, or forfeiture, pecuniary or otherwise," barred by § 2462.[4] Telco contends the restorative injunction is a penalty under § 2462 since it imposes a sanction for violating a public law which is not determined or predicated on actual damages to the Government. Because the term "penalty" is not defined in the statute, we must construe the term in accordance with its ordinary meaning. *See Sutton v. United Air Lines, Inc.*, 130 F.3d 893, 898 (10th Cir. 1997), *petition for cert filed* (U.S. June 1, 1998) (No. 97-1943). Dictionaries generally define "penalty" as relating to punishment. *See, e.g.,* Black's Law Dictionary 1020 (5th ed. 1979) (defining penalty as "involv[ing] idea of punishment"); Webster's Third New International Dictionary 1668 (1981) (defining penalty as "punishment for [a] crime or offense"). Telco relies on the United States Supreme Court's definition of a penalty in *Meeker v. Lehigh Valley R.R. Co.*, 236 U.S. 412, 423 (1915), as "something imposed in a punitive way for

---

[4] Telco first contends the injunction is an "action for enforcement," required for § 2462 to apply. There is no dispute the Government's action for injunctive relief is imposed under the enforcement provisions of the Act. *See* 33 U.S.C. § 1319.

an infraction of a public law."[5]  Similarly, in *Huntington v. Attrill*, 146 U.S. 657, 673-74 (1892), the Court concluded whether a law is penal depended on "whether its purpose is to punish an offense against the public justice of the state, or to afford a private remedy to a person injured by the wrongful act."  In an analogous case to the present one, the D.C. Circuit defined penalty for purposes of § 2462 as "a form of punishment imposed by the government for unlawful or proscribed conduct, which goes beyond remedying the damage caused to the harmed parties by the defendant's action."  *See Johnson*, 87 F.3d at 488.  Based on these definitions, we interpret a penalty for purposes of § 2462 as a sanction or punishment imposed for violating a public law which goes beyond compensation[6] for the injury caused by the defendant.

Telco also claims a penalty is any sanction that is imposed for a violation of a public law and which fails to redress a *private* injury.  Telco relies on the Supreme Court's discussion in *Huntington*, 146 U.S. at 668, on whether a law was

---

[5]  In *Meeker*, the Court held that Mr. Meeker's action to recover overcharges paid to the Lehigh Valley Railroad Company was not an action for a penalty, for purposes of the predecessor to § 2462, since the action was strictly remedial in restoring the alleged overcharges to Mr. Meeker.  *Meeker,* 236 U.S. at 423.

[6]  In other words, a penalty goes beyond making the plaintiff whole.  *See* Black's Law Dictionary 256 (5th ed.) (defining "compensation" as "making whole.").

"penal" as "whether the wrong sought to be redressed is a wrong to the public or a wrong to the individual." However, the *Huntington* Court defined "penal" for the purpose of determining whether the United States Constitution's Full Faith and Credit Clause permitted a specific state judgment to be enforced in another state. 146 U.S. at 666-68. Unlike the concerns of state sovereignty and comity prevalent to defining "penal" in *Huntington*, 146 U.S. at 668-69, our concern in defining "penalty" in § 2462 is to protect the Government's sovereign enforcement powers in conformity with traditional principles limiting the application of time limitations against the government when it acts in its sovereign capacity, and to construe statutes of limitation strictly in the government's favor.[7] *See E.I. DuPont de Nemours & Co.*, 264 U.S. at 462. Therefore, we see no reason to include all wrongs to the public as penalties for purposes of applying § 2462, irrespective of the remedy sought.

Our focus in defining a penalty for § 2462 is whether the sanction seeks compensation unrelated to, or in excess, of the damages caused by the defendant,

---

[7] For the same reason the doctrine of laches does not apply to the government, *Nevada v. United States*, 463 U.S. 110, 141 (1983), we interpret time limitations against the government narrowly to protect the public from the negligence of public officers in failing to timely file claims in favor of the public's interests, unless Congress clearly allows those claims to be barred, *see, e.g., Guaranty Trust Co. v. United States*, 304 U.S. 126, 132-33 (1938).

rather than restricting the term by the type of injury, public or private. The injury to the public's resources in this case does not alter the remedial nature of the injunction in restoring the damaged wetlands, or in other words, making the injured party whole. We find the present case indistinguishable from other situations where courts have ruled a sanction that only remedies damage caused by the defendant is not a penalty for purposes of § 2462 even though it is imposed by the government. *See, e.g.*, *Chattanooga Foundry & Pipe Works v. Atlanta,* 203 U.S. 390, 397 (1906) (refusing to apply predecessor to § 2462 to bar Atlanta's action against defendants for recovery of damages for injury to property); *United States v. Perry,* 431 F.2d 1020, 1025 (9th Cir. 1970) (ruling Government's action to recover sums allegedly paid in violation of the Anti-Kickback Act was not barred by § 2462 because the sanctions were designed to make the Government whole by recovering extra costs incurred when kickbacks were paid); *United States v. Doman*, 255 F.2d 865, 869 (3d. Cir. 1958) (holding Government's action under Surplus Property Act not barred by § 2462 since the recovery was compensatory to the Government, not a penalty), *aff'd*, 359 U.S. 309 (1959).

Consistent with our definition, the restorative injunction in this case is not a penalty because it seeks to restore only the wetlands damaged by Telco's acts to the status quo or to create new wetlands for those that cannot be restored. The

injunction does not seek compensation unrelated to or in excess of the damages caused by Telco's acts. Under the Government's complaint and the parties' consent decree, the Government seeks mitigation of damaged wetlands caused by Telco's acts. According to the decree, "mitigation" is defined as "actual restoration, creation, or enhancement of wetlands to compensate for wetland losses." "Restoration" is defined as to "return from a disturbed or altered condition to a previously existing natural condition." From this language, we conclude the compensation sought is related to and consistent with the damages caused by Telco's acts.

Telco also claims the Government's restorative injunction is a penalty since it requires Telco to spend a significant amount of money to refill or create fifteen acres of on-site and off-site wetlands without showing the actual amount of damages suffered. We recognize it is difficult to place a precise dollar amount on damages caused by environmental injuries. *See United States v. Sexton Cove Estates, Inc.*, 526 F.2d 1293, 1301 (5th Cir. 1976) (noting "[t]he full effects of any environmental disturbance are difficult to measure"). However, in other contexts, the lack of precise symmetry between actual damages sustained by the Government and the costs of mitigation or the costs of the sanction, does not change the nature of the remedy. *See, e.g., United States v. Halper*, 490 U.S. 435,

446 (1989) (stating in the Court's analysis of whether a section was punishment for double jeopardy purposes "the Government is entitled to rough remedial justice, ... it may demand compensation according to somewhat imprecise formulas" without necessarily changing the nature of the remedy); *Rex Trailer Co. v. United States*, 350 U.S. 148, 153-54 (1956) (ruling with respect to a liquidated damages "type" provision, that the uncertainty as to the exact amount of damages did not transform the sanction's remedial character). Furthermore, Telco's belief the sanction is costly or painful does not make it punitive. *Johnson*, 87 F.3d at 488. If the determination of whether a sanction is a penalty was made from the defendant's perspective, then virtually every sanction would be considered a penalty since "'even remedial sanctions carry the sting of punishment.'" *Id.* (quoting *Halper*, 490 U.S. at 447 n.7).

Telco contends a restorative injunction is a penalty because some courts have used factors unrelated to actual damages in determining the scope of the injunction. In particular, Telco claims courts have used factors similar to those used by courts in determining the amount of civil monetary penalties under 33 U.S.C. § 1319(d).[8] However, this argument is inapplicable to this case since the

---

[8] Factors listed in 33 U.S.C. § 1319(d) include, *inter alia*: (1) "the seriousness of the violation;" (2) "the economic benefit (if any) resulting from the violation;" and (3) "the economic impact of the penalty on the violator."

Government's scope of injunctive relief appears to be limited to restoration or replacement of damaged wetlands. While such factors, including the "seriousness" of the defendant's culpability, *see, e.g., United States v. Cumberland Farms of Connecticut, Inc.*, 826 F.2d 1151, 1165 (1st Cir. 1987), *cert. denied*, 484 U.S. 1061 (1988), have been considered in determining whether an injunction is equitable, this does not change the remedial character of the injunction. These factors have only been considered in ensuring the restoration injunction was equitable in light of the defendant's culpability or economic situation, not whether the restoration required in the order was related to the harm caused by the defendant. *Id.* at 1164; *see also United States v. Weisman*, 489 F. Supp. 1331, 1349 (M.D. Fla. 1980). If Telco contends the injunction is inequitable based on Telco's financial position or lack of culpability, then it should have opposed the consent decree and made this claim later to the district court when it would have to determine whether the injunction was equitable.

Telco further argues the imposition of the restorative injunction for wholly past violations makes the nature of the injunction punitive. We disagree because other equitable remedies, such as disgorgement, which sanction past conduct, are remedial. *See, e.g., SEC v. Bilzerian*, 29 F.3d 689, 696 (D.C. Cir. 1994). Similar

to the purpose of a disgorgement action to restore only "ill-gotten gains" earned by the defendant while in violation of securities laws, *id.*, the restorative injunction in this case restores wetlands to their prior condition before Telco's violations, or replaces damaged wetlands which cannot be restored. In both instances, the amount "restored" relates to actual harm caused by the defendants' prior actions. We are convinced the request for injunctive relief based on Telco's past conduct does not change its remedial nature.[9]

Based on the considerations addressed above, and in light of the traditional

---

[9] Telco's also relies on *Gwaltney of Smithfield, Ltd.,v. Chesapeake Bay Found., Inc.,* 484 U.S. 49, 58-59 (1987), for its claim that injunctive relief cannot ever be properly issued for wholly past violations. We disagree. In *Gwaltney,* the Supreme Court only addressed whether citizen suits could be brought for wholly past violations of the Clean Water Act under 33 U.S.C. § 1365 in the context of the citizen suit provisions of the Act. *Id.* Although the language in § 1365 is similar to § 1319(a) and (b), the Court has interpreted § 1319(b) broadly to allow courts exercise discretion in achieving the goals of the Act "to maintain the chemical, physical, and biological integrity of the Nation's waters." *See Weinberger v. Romero-Barcelo*, 456 U.S. 305, 316-17 (1982).

Contrary to Telco's suggestion, we see no reason why *United States Dep't of Energy v. Ohio*, 503 U.S. 607, 608 (1992), should apply in this case to support Telco's claim the injunction is punitive because it sanctions past violations. The Court in *Dep't of Energy* only addressed whether specific provisions of the Clean Water Act and the Resource Conservation Recovery Act waived federal sovereign immunity for fines relating to past violations of those Acts. *Id.* Contrary to Telco's suggestion, the case did not broadly hold all claims for past violations are in substance penalties.

-16-

notions statute of limitations should be strictly construed in favor of the Government, we do not consider the Government's request for injunctive relief an action for a "civil penalty" barred by § 2462.[10]

*Concurrent Remedy Rule*

The Government disputes the district court's application of the concurrent remedy rule to bar its equitable claims.[11]  In its order, the district court relied on *United States v. Windward Properties, Inc.*, 821 F. Supp. 690, 693 (N.D. Ga. 1993), which applied the concurrent remedy rule[12] in a similar context, holding §

---

[10]  Telco also claims we should not construe the form of a restorative injunction, serving a remedial purpose, over its substance of requiring Telco to spend a significant amount of money analogous to civil monetary penalties. However, as discussed earlier, the fact the injunction is costly to Telco does not change its remedial nature in restoring the damage caused by Telco's violations.

[11]  Telco maintains the district court's ruling on the concurrent remedy rule is reviewable only for an abuse of discretion because the district court appropriately exercised its equitable discretion in applying the rule.  We disagree because the court cannot exercise its equitable discretion on this issue since such discretion was withdrawn when the Supreme Court held "an action on behalf of the United States in its governmental capacity ... is subject to no time limitation, in the absence of congressional enactment clearly imposing it."  *E.I. DuPont de Nemours & Co.*, 264 U.S. at 462.

[12]  The concurrent remedy rule provides:  "when legal and equitable relief are available concurrently (*i.e.*, when an action at law or equity could be brought on the same facts), 'equity will withhold its relief in such a case where the applicable statute of limitations would bar the concurrent legal remedy.'"  *Windward*, 821 F. Supp. at 693 (quoting *Cope v. Anderson*, 331 U.S. 461, 464 (1947)).

2462 barred the Government's claims for legal and equitable relief. However, the *Windward* decision was expressly abrogated by the Eleventh Circuit in *United States v. Banks,* 115 F.3d 916, 919 (11th Cir. 1997), *cert. denied*, 118 S. Ct. 852 (1998). In a case that involved the identical issue, the *Banks* Court rejected the concurrent remedy rule's application to the Government when it seeks equitable relief in its enforcement capacity under the traditional principles of construction discussed above. *Id.* Specifically, the *Banks* Court refused to apply the concurrent remedy rule based on the principles that a suit by the United States in its governmental capacity is not subject to a time limitation unless Congress explicitly imposes one and "'any statute of limitations sought to be applied against the United States "must receive a strict construction in favor of the Government."'"[13] *Id.* (quoting *United States v. Alvarado*, 5 F.3d 1425, 1428 (11th Cir. 1993)). For the same reasons applied in *Banks*, we conclude the concurrent remedy rule does not bar the Government's claims for equitable relief.[14]

---

[13] The *Banks* court also rejected the Ninth Circuit decision, *Federal Election Comm'n v. Williams*, 104 F.3d 237 (9th Cir. 1996), *cert. denied*, 118 S. Ct. 600 (1997), which applied § 2462 to bar the Commission's action for injunctive relief because that decision, "not unlike the *Windward* opinion -- failed to distinguish between the application of the statute of limitations to the United States in its private versus its sovereign capacity." *Banks*, 115 F.3d at 919 n.6.

[14] We distinguish this case from our decision in *Clulow v. Oklahoma*, 700 F.2d 1291, 1302-03 (10th Cir. 1983), where this court applied the concurrent

Based on our conclusions that the Government's claims for injunctive relief are not actions for a penalty within the meaning of § 2462, and the concurrent remedy rule cannot apply, we **REVERSE**.

---

remedy rule to bar Mr. Clulow's claims for declaratory relief, because *Clulow* did not involve a suit by the Government in its sovereign capacity.